**UNITED STATE DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| THOMAS BROWN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br>vs.<br><br>CHINA SUNERGY CO., Ltd., TINGXIU LU, JIANHUA ZHAO, JAMES SHAOFENG QI, GUANGYOU YIN, FENGMING ZHANG, SHILIANG GUO, MERRILL LYNCH, PIERCE, FENNER & SMITH, INC.; COWEN & CO., LLC AND JEFFERIES & CO., INC.<br><br>Defendants. | ) | CASE NO. 07-CV-07895-DAB |
| ADEL SESHTAWAY, individually and on behalf of all others similarly situated,<br><br>Plaintiff<br>vs.<br><br>CHINA SUNERGY CO., LTD., TINGXIU LU JIANHUA ZHAO, JAMES SHAOFENG QI GUANGYOU YIN, FENGMING ZHANG, SHILIANG GUO, MERRILL LYNCH, PIERCE FENNER & SMITH, INC., COWEN AND COMPANY, LLC., and JEFFERIES & COMPANY, INC.,<br><br>Defendants. | ) | CASE NO. 07-cv-08656-DAB |
| ANTHONY GIOMBETTI, individually, ANTHONY GIOMBETTI and DON VANDENHEUVAL, on behalf of all others similarly situated,<br><br>Plaintiff,<br>vs.<br><br>CHINA SUNERGY CO., LTD.,<br><br>Defendant. | ) | CASE NO. 07-cv-09689-UA |

# TABLE OF CONTENTS

**Page No.**

I. Introduction ……………………………………………………………………….1

II. Legal Argument ……………………………………………………………………..2

A. Consolidation is Appropriate ……………………………………………..2

B. Movant Should be Appointed Lead Plaintiff ……...………………………....3

1. Notice was Properly Published Under the PSLRA……...……………3

2. Movant Lin Should be Appointed Lead Plaintiff …………………….4

a. Movant has moved for Appointment as Lead Plaintiffs Within 60 Days of Publication of Notice ……………………5

b. Movant has the Largest Financial Interest in the Relief Sought …………………………………………………….5

C. Movant Otherwise Satisfies the Requirements of Rule 23, Fed. R. Civ. P….7

1. The Claims of Movant are Typical of the Claims of other Members of the Class ……………………………………………….8

2. Movant will Fairly and Adequately Represent the Interests of the Class ………………………………………………………………9

3. The Court Should Approve the Movant Lin's Choice of Counsel …10

III. Conclusion ……………………………………………………………………….11

**MOVANT LIN, KO-MING'S MOTION FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL AND MEMORANDUM OF LAW IN SUPPORT**

Movant, Lin, Ko-Ming ("Movant" or "Lin"), moves the Court for an order: (1) consolidating the above-styled and related actions; (2) appointing Movant as Lead Plaintiff pursuant to Section 27(a)(1) and (a)(3)(B) of the Securities Act of 1933 (the "1933 Act" or the "Securities Act"), 15 U.S.C. §§ 77z-1(a)(1) and (a)(3)(B), and (3) approving Movant's selection of the law firm of Federman & Sherwood as Lead Counsel.[1]

## I. INTRODUCTION

Pending before this Court are three (3) securities class action lawsuits brought by purchasers of the common stock of China Sunergy Co. Ltd. ("China Sunergy" or the "Company"), traceable to the Company's May 17, 2007 initial public offering ("IPO"), against China Sunergy and certain of China Sunergy's officers and directors, and the Company's underwriters. The Complaints in each action allege that Defendants violated the federal securities laws, Sections 11 and 15 of the Securities Act of 1933, including allegations of making material misrepresentations and omissions in the Company's Registration Statement and Prospectus issued on or about May 17, 2007 ("IPO").

Specifically, the Complaints charge that China Sunergy raised over $107.52 million through the issuance of 9.775 million shares of common stock to the public at $11.00 per share, despite the Registration Statement's false and misleading statements that the Company: (1) was a "leading manufacturer of solar cell products, as measured by production capacity," that was

[1] The PSLRA permits any putative class member - - regardless of whether they have filed a complaint - - to move for appointment of lead plaintiff. See 15 U.S.C. §77z-4(a)(3)(B)(iii)(I). Consequently, Movant is unable to identify those class members that may file competing motions and accordingly oppose this motion. Courts have held that defendants do not have standing to object to lead plaintiff motions. *See, e.g., In re Waste Management, Inc. Sec. Litig.*, 128 F.Supp2d 401, 409 (S.D. Tex 2000).

experiencing remarkable revenue growth; and (2) had secured a sufficient supply of polysilicon, a raw material necessary to the continued production of its solar cell products. Yet at the time of the IPO and unbeknownst to shareholders, the Registration Statement failed to disclose that China Sunergy was already having difficulty obtaining a sufficient supply of polysilicon, which foreseeably would have a near-term adverse impact on earnings.

Movant Lin is a suitable Lead Plaintiff and class representative in this action. Movant has satisfied the procedural requirements of the PSLRA. First, Movant is believed to be the moving class member or group of class members with the largest loss and the most appropriate Lead Plaintiff due to the size of his investments in China Sunergy common stock as well as his interest in the litigation. Movant Lin suffered losses of $53,725.00 as a result of his transactions in China Sunergy securities.[2] Second, Movant Lin satisfies the requirements of Rule 23, Fed. R. Civ. P. 23(a). Movant Lin's claims are typical of those of the class. Movant Lin will also adequately represent the class. Movant Lin will actively participate in and vigorously pursue this case and has selected and retained Federman & Sherwood to serve as Lead Counsel.

## II. LEGAL ARGUMENT

### A. Consolidation is Appropriate

Rule 42(a) of the Federal Rules of Civil Procedure provides:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions, it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

---

2 An investor certification and table setting forth Movant Lin's purchases and sales of China Sunergy stock and losses, are attached as Exhibits A and B to the Declaration of William B. Federman ("Federman Declaration"), attached hereto as Exhibit 1.

Rule 42 allows for the consolidation of actions involving a common question of law or fact. Movant Lin asks this court to consolidate the above-captioned related actions presently before the court, as well as any other action now pending or hereafter filed in or transferred to this Judicial District as a class action on behalf of purchasers of the securities of China Sunergy which arise out of the same facts as alleged in the above-referenced actions.

The class actions currently before the court are ideally suited for consolidation pursuant to Rule 42, since they present virtually identical claims for relief based upon a single course of conduct.

Under Section 27(a)(3)(B)(ii) and 15 U.S.C. § 77z-1(a)(3)(B)(ii), the Court must decide this motion to consolidate before determining the Lead Plaintiff.

**B. Movant should be Appointed Lead Plaintiff**

**1. Notice was Properly Published under the PSLRA**

On September 10, 2007, Kahn Gauthier Swick, LLC, the law firm that filed the initial lawsuit, filed a notice over a national newswire, *MarketWire*, advising putative members of the proposed class of their right to move the Court to serve as lead plaintiff no later than 60 days from the issuance of the notice. *See* Exhibit C to the Federman Declaration, attached hereto as Exhibit 1. This notice is sufficient and satisfy the requirements of Section 27(a)(3)(A)(i) of the 1933 Act, 15 U.S.C. §77z-1(a)(3)(A)(i). *See Greebel v. FTP Software, Inc.*, 939 F. Supp. 57, 62-64 (D. Mass. 1996). National wire services have consistently been recognized as suitable vehicles for meeting the statutory requirement that notice be published "in a widely circulated national business-oriented publication or wire service." *See, e.g., Lax v. First Merchants Acceptance Corp.*, 1997 U.S. Dist. LEXIS 11866 at *2 (N.D. Ill. Aug. 6, 1997); *In re Nice*

*Systems Sec. Litig.*, 188 F.R.D. 206, 215 (D. N.J. 1999); *Greebel v. FTP Software, Inc.*, 939 F. Supp. at 62-64.

**2. Movant Lin should be Appointed Lead Plaintiff**

The PSLRA establishes a procedure for the appointment of a "Lead Plaintiff" in "each private action arising under [the Securities Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." §27(a)(1) and (a)(3)(B), 15 U.S.C. §77z-1(a)(1) and (a)(3)(B).

The PSLRA provides that the plaintiff who files the initial action must publish a notice to the class within 20 days of filing the action informing class members of their right to file a motion for appointment as lead plaintiff. §27(a)(3)(A)(i), 15 U.S.C. §77z-1(a)(3)(A)(i). The first such notice here was published on September 10, 2007. *See* Exhibit C to the Federman Declaration, attached hereto as Exhibit 1.

The PSLRA further provides that within 90 days after the publication of the notice of pendency, or as soon as practicable after the consolidation of multiple related cases if consolidation occurs after the expiration of the 90-day period, the court shall consider any motion made by a class member and "shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." §27(a)(3)(B)(i), 15 U.S.C. §77z-1(a)(3)(B)(i).

The PSLRA directs the courts to presume, when appointing lead plaintiffs pursuant to this statute, that the most adequate plaintiff is the person or group of persons that:

> (aa) has either filed the complaint or made a motion in response to a notice . . . [within 60 days of publication of the notice];
>
> (bb) in the determination of the court, has the largest financial interest [of those class members moving for lead plaintiff] in the relief sought by the class, and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

§27(a)(3)(B)(iii)(II), 15 U.S.C. §77z-1(a)(3)(B)(iii)(II). The moving class member or group of class members with the largest financial stake in the litigation and who otherwise satisfies the requirements of Rule 23(a), Fed. R. Civ. P., is the presumptive lead plaintiff. *In re Cavanaugh*, 306 F.3d 726, 729-730 (9th Cir. 2002); *Pirelli Armstrong Tire Corp. Retiree Medical Benefit Trust v. LcBranche & Co., Inc.*, 229 F.R.D. 395 (S.D.N.Y. 2004). As discussed below, Movant Lin satisfies each of the criteria set forth above and is entitled to the presumption set forth in §27(a)(3)(B)(iii)(I) of the 1933 Act (15 U.S.C. § 77z-1(a)(3)(B)(iii)(I)) that it is the most adequate plaintiff.

**a. Movant has Moved for Appointment as Lead Plaintiff Within 60 Days of Publication of Notice**

Movant Lin has moved within the statutory 60-day period of the initial PSLRA notice of this lawsuit. This Motion contains the required certification setting forth, *inter alia*, Movant Lin's transactions in China Sunergy securities and indicates that Movant Lin has reviewed the Complaint filed in this action and is willing to serve as the representative party on behalf of the class. *See* Exhibit A to Federman Declaration, attached hereto as Exhibit 1. Accordingly, Movant has satisfied this prong of the PSLRA's lead plaintiff criteria.

**b. Movant has the Largest Financial Interest in the Relief Sought**

Section 27(a)(3)(iii)(I)(bb) of the PSLRA defines the most adequate plaintiff (presumptively) as the "person or group of persons" that, among other things, has "the largest financial interest in the relief sought by the class." §15 U.S.C. 77z-1(a)(3)(iii)(I)(bb). Courts have determined the largest financial interest by looking to (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the Class Period; (3) the

total net funds expended during the class period; and (4) the approximate losses suffered. *Pirelli*, 229 F.R.D. at 404. However, some courts have determined that the financial loss is the most significant factor in determining the person or group of persons with the largest financial interest in the relief sought. *In re Vicuron Pharmaceuticals, Inc. Sec. Litig.*, 225 F.R.D. 508, 510 (E.D.Pa. 2004); *see e.g., In re Amb. Bus. Fin. Serv., Inc. Sec. Litig.*, 2004 WL 1221353 (E.D.Pa. 2001); *In re Cell Pathways, Inc. Sec. Litig.*, 203 F.R.D. 189 (E.D.Pa. 2001); *see Xianglin Shi v. Sina Corp.*, 2005 WL 1561438 at *2 (S.D.N.Y. July 1, 2005) (appointing lead plaintiff based on largest claimed losses).

Section 11(a) of the Securities Act of 1933 provides that a suit may be brought to recover Plaintiff's damages as shall represent:

> the difference between the amount paid for the security (not exceeding the price at which the security was offered to the public) and (1) the value thereof as of the time such suit was brought, or (2) the price at which such security shall have been disposed of in the market before suit, or (3) the price at which such security shall have been disposed of after suit but before judgment if such damages shall be less than the damages representing the difference between the amount paid for the security (not exceeding the price at which the security was offered to the public) and the value thereof as of the time such suit was brought.

15 U.S.C. §77k(e).

Under the above calculation, Movant Lin has suffered total losses of $53,725.00 from his purchases of China Sunergy common stock traceable to the IPO. *See* Exhibits A and B to the Federman Declaration, attached hereto as Exhibit 1. As of this filing, Movant is unaware of any motion for appointment as lead plaintiff by a class member that claims to have sustained greater financial losses in connection with the purchase and sale of China Sunergy common stock traceable to the IPO. Nor has Movant received any notice that any potential applicant has greater financial losses resulting from purchases of China Sunergy stock traceable to the IPO.

Movant Lin believes that he has sustained a greater financial loss in connection with the purchase and sale of China Sunergy's common stock traceable to the IPO than any competing Lead Plaintiff Movant. Accordingly, Movant Lin has satisfied this prong of the PSLRA"s prerequisites for appointment as Lead Plaintiff.

**C. Movant Otherwise Satisfies the Requirements of Rule 23, Fed. R. Civ. P.**

Section 27(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." §15 U.S.C. 77z-1(a)(3)(B)(iii)(I)(cc). Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied:

(1) the class is so numerous that joinder of all members is impracticable;

(2) there are questions of law or fact common to the class;

(3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and

(4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

Of the four prerequisites to class certification, only two – typicality and adequacy – directly address the personal characteristics and/or qualifications of the class representative. Accordingly, in adjudicating a lead plaintiff motion, the court should limit its inquiry to the typicality and adequacy prongs of Fed. R. Civ. P. 23(a) and defer examination of the remaining requirements until the lead plaintiff moves for class certification. *Pirelli*, 229 F.R.D. at 411-12; *In re Cavanaugh*, 306 F.3d at 730; *see, e.g., Lax v. First Merchants Acceptance Corp.*, 1997 U.S. Dist. LEXIS 11866, at *20; *Fischler v. Amsouth Bancorporation*, 1997 U.S. Dist. LEXIS 2875,

*7-8 (M.D. Fla. Feb. 6, 1997). As detailed below, Movant Lin satisfies both the typicality and adequacy requirements of Fed. R. Civ. P. 23(a), thereby justifying its appointment as Lead Plaintiff in this action.

**1. The Claims of Movant are Typical of the Claims of other Members of the Class**

Fed. R. Civ. P. 23(a)(3) mandates that the claims or defenses of the representative party must be typical of those of the class. Typicality exists if claims "arise[] from the same event or practice or course of conduct that gives rise to the claims of class members and his or her claims are based on the same legal theory." *Rosario v. Livaditis*, 963 F.2d 1013, 1018 (7th Cir. 1992) (quoting *De La Fuente v. Stokely-Van Camp, Inc.*, 713 F.2d 225, 232 (7th Cir. 1983)), *cert. denied*, 506 U.S. 1051 (1993)). Furthermore, factual variations among the claims of the class representatives and class members will not defeat "typicality":

> The typicality requirement may be satisfied even if there are factual distinctions between the claims of the named plaintiffs and those of other class members. Thus, similarity of legal theory may control even in the face of differences of fact.

*De La Fuente,* 713 F.2d at 232 (citations omitted); *see also Hurd v. Monsanto Co.*, 164 F.R.D. 234, 239 (S.D. Ind. 1995).

Movant Lin's claims are typical of, if not identical to, the claims of the other members of the class. Here, Movant purchased China Sunergy common stock traceable to the IPO: (1) at prices alleged to have been artificially inflated by the false and misleading statements issued by Defendants; and (2) was damaged thereby. Thus, Movant's claims meet the typicality requirement, since questions of liability are common to all class members. *See In re Drexel Burnham Lambert Group, Inc.*, 960 F.2d 285, 291 (2d Cir. 1992) (typicality requirement "is satisfied when each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability") (citations omitted),

*cert. dismissed sub nom., Hart Holding Co. v. Drexel Burnham Lambert Group, Inc.*, 506 U.S. 1088 (1993).

**2. Movant will Fairly and Adequately Represent the Interests of the Class**

The adequacy of representation requirement of Rule 23(a)(4) is satisfied where it is established that a representative party, "will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4); *Lerwill v. Inflight Motion Pictures, Inc.*, 582 F.2d 507, 512 (9th Cir. 1978); *In re United Energy Corp. Solar Power Modules Tax Shelter Inv. Sec. Litig.*, 122 F.R.D. 251, 257 (C.D. Cal. 1988); *Int'l Molders' & Allied Workers' Local Union No. 164 v. Nelson*, 102 F.R.D. 457, 464 (N.D. Cal. 1983). So long as the Movant with the largest losses satisfies the typicality and adequacy requirements, he is entitled to lead plaintiff status, even if the district court is convinced that some other plaintiff would do a better job. *Pirelli*, 229 F.R.D. at 411-12. Once the presumption is triggered the question is not whether another movant might do a better job of protecting the interests of the class than the presumptive lead plaintiff; instead the question is whether anyone can prove that the presumptive lead plaintiff will not do a fair and adequate job. *In re Cavanaugh*, 306 F.3d 732 and n.10. Movant will fairly and adequately represent the class.

First, counsel for the class is well-qualified. Movant has retained counsel with considerable experience in the prosecution of class action and federal securities law claims. *See* Federman & Sherwood resume attached as Exhibit D to Federman Declaration, attached hereto as Exhibit 1.

Second, there are no potential conflicts between Movant and the interests of the absent class members. Movant's claims are typical of the claims of the rest of the class. All investors are aligned in the common interest of recovering their damages from Defendants. Movant has

indicated that it will protect the interests of the class, as reflected in Movant's investor certifications. *See* Exhibit A to Federman Declaration, attached hereto as Exhibit 1. Moreover, having suffered the largest financial loss of all class members seeking to be appointed lead plaintiff in the action, Movant has a strong incentive to pursue this action vigorously on behalf of the entire class.

In short, Movant Lin would adequately represent the putative class. Consequently, Movant Lin meets the requirements of Section 27(a)(3)(B)(iii)(I)(aa)-(cc) of the 1933 Act, §15 U.S.C. 77z-1(a)(B)(iii)(I)(aa)-(cc), and should be appointed as Lead Plaintiff in this action.

**3. The Court should Approve the Movant Lin's Choice of Counsel**

Pursuant to Section 27(a)(3)(B)(v), 15 U.S.C. §77z-1(a)(3)(B)(v), a lead plaintiff applicant shall, subject to court approval, select and retain counsel to represent the class. The inquiry is not into the adequacy or fitness of counsel but into the adequacy of plaintiff, and the choice of counsel is only an indicator – and a relatively weak one at that – of plaintiff's fitness. *In re Cavanaugh*, 306 F.3d at 733. It is lead plaintiff and not the court that selects counsel. *Id.* at 31-33. Only in rare circumstances should the counsel chosen by lead plaintiff not be approved by the court. *See id*. Movant has selected and retained Federman & Sherwood as Lead Counsel. Federman & Sherwood possesses extensive experience in the areas of securities and other complex litigation. *See* Exhibit D to Federman Declaration, attached hereto as Exhibit 1. The Court can be assured that, in the event this motion is granted, the members of the class will receive quality legal representation. Accordingly, the Court should approve Movant's selection of Lead Counsel.

## III. CONCLUSION

For the reasons set forth above, the Court should: (1) consolidate the actions referenced in the instant captions; (2) appoint Movant Lin as Lead Plaintiff in these actions; and (3) approve Movant Lin's selection of Federman & Sherwood as Lead Counsel.

Dated: November 9, 2007

Respectfully submitted,

s/William B. Federman

William B. Federman (WBF9124)
Attorneys for Movant
10205 N. Pennsylvania Ave.
Oklahoma City, OK 73120
Telephone: (405) 235-1560
Fax: (405) 239-2112
wfederman@aol.com
-and-
2926 Maple Ave., Suite 200
Dallas, TX 75201

## CERTIFICATE OF SERVICE

This is to certify that on November 9, 2007, I electronically transmitted this document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Eric J. O'Bell
**Law Offices of Eric J. O'Bell, LLC**
3500 North Hullen Street
Metairie, LA 70002
ejo@obelllawfirm.com

Kim E. Miller
**Kahn Gauthier Swick LLC**
12 E. 41st Street, 12th Floor
New York, NY 10017

Lewis Kahn
**Kahn Gauthier Swick LLC**
650 Poydras Street, Suite 2150
New Orleans, LA 70130

Evan J. Smith
**Brodsky & Smith LLC**
240 Mineola Blvd.
Mineola, NY 11501
esmith@brodsky-smith.com

Richard A. Maniskas
**Schiffrin & Barroway LLP**
280 King of Prussia Road
Radnor, PA 19087

Samuel Howard Rudman
**Coughlin Stoia Geller Rudman & Robbins LLP**
58 Service Road, Suite 200
Melville, NY 11747
srudman@csgrr.com

s/William B. Federman
William B. Federman