UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
THOMAS BROWN, Individually and On : Civil Action No. 1:07-cv-07895-DAB
Behalf of All Others Similarly Situated, :
: <u>CLASS ACTION</u>
                  Plaintiff, :
:
  vs. :
:
CHINA SUNERGY CO. LTD., et al., :
:
                  Defendants. :
---------------------------------------------------------------
ADEL SHESHTAWY, Individually and On : Civil Action No. 1:07-cv-08656-DAB
Behalf of All Others Similarly Situated, :
: <u>CLASS ACTION</u>
                  Plaintiff, :
:
  vs. :
:
CHINA SUNERGY CO. LTD., et al., :
:
                  Defendants. :
---------------------------------------------------------------
ANTHONY GIOMBETTI, et al., Individually : Civil Action No. 1:07-cv-09689-UA
and On Behalf of All Others Similarly Situated, :
: <u>CLASS ACTION</u>
                  Plaintiffs, :
:
  vs. :
:
CHINA SUNERGY CO. LTD., :
:
                  Defendant. :
---------------------------------------------------------------x

MEMORANDUM IN SUPPORT OF THE MOTION OF THE HUGHES GROUP FOR
CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF AND FOR APPROVAL OF
SELECTION OF LEAD COUNSEL

**I.    PRELIMINARY STATEMENT**

Presently pending before this Court are at least three-related securities class action lawsuits (the "Actions") brought on behalf of all purchasers of China Sunergy Co. Ltd. ("China Sunergy" or the "Company") American Depository Receipts ("ADRs") between May 17, 2007 and September 7, 2007, inclusive (the "Class Period"). The Actions allege violations of §§11, 12(a)(2) and 15 of the Securities Act of 1933 (the "Securities Act") (15 U.S.C. §§77k, 77l(a)(2) and 77o), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA").

Class Members Howard Hughes, Don Vandenheuval, Jie Wu and Andrew P. Van Gorder (the "Hughes Group") hereby move this Court for an Order to: (i) consolidate the Actions; (ii) appoint the Hughes Group as Lead Plaintiff in the Actions under §27 of the Securities Act; and (iii) approve the Hughes Group's selection of the law firms of Coughlin Stoia Geller Rudman & Robbins LLP ("Coughlin Stoia") and Schiffrin Barroway Topaz & Kessler, LLP ("Schiffrin Barroway") to serve as Lead Counsel.

This motion is made on the grounds that the Hughes Group is the most adequate plaintiff, as defined by the PSLRA. The Hughes Group collectively suffered losses of $64,460.97 in connection with its purchases of China Sunergy ADRs during the Class Period. *See* Alba Decl. Ex. B.[1] To the best of our knowledge, this is the greatest loss sustained by any moving class member or class member group who has brought suit or filed an application to serve as lead plaintiff in these Actions. In addition, the Hughes Group, for the purposes of this motion, adequately satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure in that its claims are typical of the claims of the putative class and that it will fairly and adequately represent the interests of the class.

---

[1]    References to the "Alba Decl., Ex. ___" are to the exhibits attached to the accompanying Declaration of Mario Alba Jr. dated November 9, 2007 and submitted herewith.

**II.  FACTUAL BACKGROUND**[2]

China Sunergy engages in the design, development, manufacture, and marketing of solar cells in China. The Company sells its solar cell products through its direct sales force to module manufacturers and system integrators, who assemble its solar cells into solar modules and solar power systems for use in various markets worldwide.

The complaint charges China Sunergy with violations of the Securities Act. On or about May 14, 2007, China Sunergy filed with the SEC a form F-1/A Registration Statement (the "Registration Statement"), for the IPO. On or about May 17, 2007, the Prospectus (the "Prospectus") with respect to the IPO, which forms part of the Registration Statement, became effective. The complaint alleges that the Registration Statement and Prospectus failed to disclose that the Company was experiencing difficulties obtaining a sufficient supply of a key marketing component, polysilicon, due to its sales of polysilicon prior to the IPO and, as a result, was forced to pay escalating prices for polysilicon thereby negatively impacting its profit margin.

**III.  ARGUMENT**

    **A.  The Actions Should Be Consolidated For All Purposes**

The Actions each assert class claims on behalf of the purchasers of China Sunergy ADRs for alleged violations of the Securities Act during the relevant time period. The Actions name the same defendants and involve the same factual and legal issues. They are each brought by investors who purchased China Sunergy ADRs during the relevant time period in reliance on the integrity of the market for such securities and were injured by the fraud on the market that was perpetrated through the issuance of materially false and misleading statements and concealment of material information,

---

[2]  These facts are drawn from the allegations in the actions entitled *Anthony Giombetti, et al. v. China Sunergy Co., Ltd.*, Civil Action No. 1:07-cv-09689.

thus artificially inflating the prices of China Sunergy ADRs at all relevant times.  Consolidation is appropriate where there are actions involving common questions of law or fact.  Fed. R. Civ. P. 42(a).  *See Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990).  That test is met here and, accordingly, the Actions should be consolidated.

        **B.**      **The Hughes Group Should Be Appointed Lead Plaintiff**

              **1.**      **The Procedure Required by the PSLRA**

The PSLRA has established a procedure that governs the appointment of a lead plaintiff in "each private action arising under the [Securities Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure."  15 U.S.C. §77z-1 and (a)(3)(B)(i).

First, the plaintiff who files the initial action must publish a notice to the class, within 20 days of filing the action, informing class members of their right to file a motion for appointment as Lead Plaintiff.  15 U.S.C. §77z-1(a)(3)(A)(i).  Plaintiff in the action entitled *Thomas Brown v. China Sunergy Co. Ltd., et al.*, Civil Action No. 1:07-cv-07895-DAB, caused the first notice regarding the pendency of these Actions to be published on *Market Wire*, a national, business-oriented newswire service, on September 10, 2007.  *See* Alba Decl., Ex. A.  Within 60 days after publication of the notice, any person or group of persons who are members of the proposed class may apply to the Court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action.  15 U.S.C. §§77z-1(a)(3)(A) and (B).

Second, the PSLRA provides that, within 90 days after publication of the notice, the Court shall consider any motion made by a class member and shall appoint as lead plaintiff the member or members of the class that the Court determines to be most capable of adequately representing the interests of class members.  15 U.S.C. §77z-1(a)(3)(B).  In determining the "most adequate plaintiff," the PSLRA provides that:

- 3 -

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this Act is the person or group of persons that
>
> (aa) has either filed the complaint or made a motion in response to a notice...
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §77z-1(a)(3)(B)(iii).  *See generally Greebel v. FTP Software*, 939 F. Supp. 57, 64 (D. Mass. 1996).

### 2. The Hughes Group Satisfies the "Lead Plaintiff" Requirements of the Securities Act

#### a. The Hughes Group Has Complied with the Securities Act and Should Be Appointed Lead Plaintiff

The time period in which class members may move to be appointed lead plaintiff herein under 15 U.S.C. §77z-1(a)(3)(A) and (B) expires on November 9, 2007. Pursuant to the provisions of the PSLRA and within the requisite time frame after publication of the required notice on September 10, 2007, the Hughes Group timely moves this Court to be appointed Lead Plaintiff on behalf of all members of the class.

The members of the Hughes Group have duly signed and filed certifications stating that they are willing to serve as the representative parties on behalf of the class. *See* Alba Decl., Ex. C. In addition, the Hughes Group has selected and retained competent counsel to represent itself and the class. *See* Alba Decl., Exs. D-E. Accordingly, the Hughes Group has satisfied the individual requirements of 15 U.S.C. §77z-1(a)(3)(B) and is entitled to have its application for appointment as Lead Plaintiff and selection of Lead Counsel as set forth herein, considered and approved by the Court.

### b. The Hughes Group Has the Requisite Financial Interest in the Relief Sought by the Class

During the Class Period, as evidenced by, among other things, the accompanying signed certifications, *see* Alba Decl., Ex. C, the Hughes Group incurred a substantial $64,460.97 loss on its Class Period transactions in China Sunergy ADRs. *See* Alba Decl., Ex. B. The Hughes Group thus has a significant financial interest in this case. Therefore, the Hughes Group satisfies all of the PSLRA's prerequisites for appointment as Lead Plaintiff in these Actions and should be appointed Lead Plaintiff pursuant to 15 U.S.C. §77z-1(a)(3)(B).

### c. The Hughes Group Otherwise Satisfies Rule 23

According to 15 U.S.C. §77z-1(a)(3)(B), in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Of the four prerequisites to class certification, only two – typicality and adequacy – directly address the personal characteristics of the class representative. Consequently, in deciding a motion to serve as lead plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the lead plaintiff moves for class certification. *See Lax v. First Merchants Acceptance Corp.*, No. 97-C-2175, 1997 U.S. Dist. LEXIS 11866, at *20, (N.D. Ill. Aug. 6, 1997). The Hughes Group satisfies both the typicality and adequacy requirements of Rule 23, thereby justifying its appointment as Lead Plaintiff.

Under Rule 23(a)(3), the claims or defenses of the representative parties must be typical of those of the class. Typicality exists where the plaintiffs' claims arise from the same series of events and are based on the same legal theories as the claims of all the class members. *See Rossini v. Ogilvy & Mather, Inc.*, 798 F.2d 590, 598 (2d Cir. 1986). Typicality does not require that there be no factual differences between the class representatives and the class members because it is the generalized nature of the claims asserted which determines whether the class representatives are typical. *See Sofran v. Labranche & Co.,* 220 F.R.D. 398, 402 (S.D.N.Y. 2004) ("The possibility of factual distinctions between the claims of the named plaintiffs and those of other class members does not destroy typicality, as similarity of legal theory may control even in the face of differences of fact"). The requirement that the proposed class representatives' claims be typical of the claims of the class does not mean, however, that the claims must be identical. *See Ferrari v. Impath, Inc.,* No. 03-Civ. 5667 (DAB), 2004 U.S. Dist. LEXIS 13898, at *18 (S.D.N.Y. July 15, 2004).

The Hughes Group satisfies this requirement because, just like all other class members, it: (1) purchased China Sunergy ADRs during the Class Period; (2) was adversely affected by defendants' false and misleading Prospectus; and (3) suffered damages as a result thereof. Thus, the Hughes Group's claims are typical of those of other class members since its claims and the claims of other class members arise out of the same course of events. Under Rule 23(a)(4) the representative parties must also "fairly and adequately protect the interests of the class." The PSLRA directs this Court to limit its inquiry regarding the adequacy of the members of the Hughes Group to represent the class to the existence of any conflicts between the interests of the Hughes Group and the members of the class. The Court must evaluate adequacy of representation by considering: (i) whether the class representatives' claims conflict with those of the class; and (ii) whether class counsel is qualified,

- 6 -

experienced, and generally able to conduct the litigation. *See In re Global Crossing Sec. & ERISA Litig.*, 225 F.R.D. 436, 453 (S.D.N.Y. 2004).

Here, the members of the Hughes Group are adequate representatives of the class. As evidenced by the injuries suffered by the Hughes Group and the Class, the interests of the Hughes Group is clearly aligned with the members of the class, and there is no evidence of any antagonism between the Hughes Group's interests and those of the other members of the class. Further, the Hughes Group has taken significant steps which demonstrate that they will protect the interests of the class: they have retained competent and experienced counsel to prosecute these claims. In addition, as shown below, the Hughes Group's proposed Lead Counsel are highly qualified, experienced and able to conduct this complex litigation in a professional manner. Thus, the Hughes Group *prima facie* satisfies the commonality, typicality and adequacy requirements of Rule 23 for the purposes of this motion.

### C. The Court Should Approve the Hughes Group's Choice of Counsel

Pursuant to 15 U.S.C. §77z-1(a)(3)(B)(v), the proposed lead plaintiff shall, subject to Court approval, select and retain counsel to represent the class he seeks to represent. In that regard, the Hughes Group has selected the law firms of Coughlin Stoia and Schiffrin Barroway as Lead Counsel, firms which have substantial experience in the prosecution of shareholder and securities class actions. *See* Alba Decl., Exs. D-E. Accordingly, the Court should approve the Hughes Group's selection of counsel.

## IV. CONCLUSION

For all the foregoing reasons, the Hughes Group respectfully requests that the Court: (i) consolidate the Actions; (ii) appoint the Hughes Group as Lead Plaintiff in the Actions; (iii) approve its selection of Lead Counsel as set forth herein; and (iv) grant such other relief as the court may deem just and proper.

- 7 -

| | |
|---|---|
| DATED:  November 9, 2007 | COUGHLIN STOIA GELLER<br>  RUDMAN & ROBBINS LLP |

/s/ *Mario Alba Jr.*
MARIO ALBA JR.

SAMUEL H. RUDMAN
DAVID A. ROSENFELD
MARIO ALBA JR.
58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)

SCHIFFRIN BARROWAY TOPAZ
  & KESSLER, LLP
STUART L. BERMAN
SEAN M. HANDLER
280 King of Prussia Road
Radnor, PA  19087
Telephone:  610/667-7706
610/667-7056 (fax)

[Proposed] Lead Counsel for Plaintiffs

I:\China Sunergy\LP Motion\LP Memo.doc

## CERTIFICATE OF SERVICE

I, Mario Alba Jr., hereby certify that on November 9, 2007, I caused a true and correct copy of the attached:

> Notice of Motion for Consolidation, Appointment as Lead Plaintiff and for Approval of Selection of Lead Counsel;
>
> Memorandum in Support of the Motion of The Hughes Group for Consolidation, Appointment as Lead Plaintiff and for Approval of Selection of Lead Counsel; and
>
> Declaration of Mario Alba Jr. in Support of the Motion of The Hughes Group for Consolidation, Appointment as Lead Plaintiff and for Approval of Selection of Lead Counsel

to be served: (i) electronically on all counsel registered for electronic service for this case; and (ii) by first-class mail to all additional counsel on the attached service list.

/s/ *Mario Alba Jr.*
Mario Alba Jr.

CHINA SUNERGY

Service List - 11/9/2007   (07-0229)

Page 1 of 2

**Counsel For Defendant(s)**

Legal Department
China Sunergy Co., Ltd.
c/o CT Corporation System
111 8th Avenue
New York, NY 10011

Legal Department
Cowen & Co., LLC
1221 Avenue of the Americas
New York, NY 10020

Legal Department
Jefferies & Co., Inc.
520 Madison Avenue, 12th Floor
New York, NY 10022

**Counsel For Plaintiff(s)**

Evan J. Smith
Brodsky & Smith, LLC
240 Mineola Blvd., 1st Floor
Mineola, NY 11501
   516/741-4977
   516/741-0626 (Fax)

Samuel H. Rudman
David A. Rosenfeld
Coughlin Stoia Geller Rudman & Robbins LLP
58 South Service Road, Suite 200
Melville, NY 11747
   631/367-7100
   631/367-1173 (Fax)

Kim E. Miller
Kahn Gauthier Swick, LLC
12 East 41st Street, 12th Floor
New York, NY 10017
   212/696-3730
   504/455-1498 (Fax)

Lewis S. Kahn
Kahn Gauthier Swick, LLC
650 Poydras Street, Suite 2150
New Orleans, LA 70130
   504/455-1400
   504/455-1498 (Fax)

CHINA SUNERGY

Service List - 11/9/2007    (07-0229)

Page 2 of 2

Eric J. O'Bell  
Law Offices of Eric J. O'Bell  
3500 North Hullen Street  
Metairie, LA 70002  
   504/456-8677  
   504/456-8624 (Fax)

Stuart L. Berman  
Sean M. Handler  
Schiffrin Barroway Topaz & Kessler, LLP  
280 King of Prussia Road  
Radnor, PA 19087  
   610/667-7706  
   610/667-7056 (Fax)