## CERTIFICATION

I, Howard Hughes ("Plaintiff") declare, as to the claims asserted under the federal securities laws, that:

1. Plaintiff has reviewed the Complaint prepared by Schiffrin Barroway Topaz & Kessler, LLP.

2. Plaintiff did not purchase the security that is the subject of this action at the direction of Plaintiff's counsel or in order to participate in any private action.

3. Plaintiff is willing to serve as a representative party on behalf of the class, including providing testimony at deposition and trial, if necessary. I understand that this is not a claim form, and that my ability to share in any recovery as a member of the class is not dependent upon execution of this Plaintiff Certification.

4. Plaintiff's purchase and sale transaction(s) in the **China Sunergy Co. Ltd. ( NASDAQ: CSUN)** security that is the subject of this action during the Class Period are attached in Schedule A.

5. Plaintiff has complete authority to bring a suit to recover for investment losses on behalf of purchasers of the subject securities described herein (including plaintiff, any co-owners, any corporations or other entities, and/or any beneficial owners).

6. During the three years prior to the date of this Certification, Plaintiff has not sought to serve or served as a representative party for a class in an action filed under the federal securities laws except as described below:_____.

7. Plaintiff will not accept any payment for serving as a representative party on behalf of the class beyond the Plaintiff's pro rata share of any recovery, except such reasonable costs and expenses (including lost wages) directly relating to the representation of the class as ordered or approved by the Court.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 1st day of November ,2007.


_____          _____
Signature                                 Print Name: Howard Hughes

**Howard Hughes**

## SCHEDULE A

| Date | Purchase or Sale | Type of Securities | Number of Securities | Price of Securities |
|---|---|---|---|---|
| 6/19/2007 | Purchase | Com Stk | 2,000 | 12.5661 |
| 6/25/2007 | Purchase | Com Stk | 4,000 | 13.8901 |
| 8/3/2007 | Sale | Com Stk | 1,000 | 9.6900 |
| 8/16/2007 | Sale | Com Stk | 5,000 | 7.1001 |

## CERTIFICATION

I, Andrew P. Van Gorder ("Plaintiff") declare, as to the claims asserted under the federal securities laws, that:

1. Plaintiff has reviewed the Complaint prepared by Schiffrin Barroway Topaz & Kessler, LLP.

2. Plaintiff did not purchase the security that is the subject of this action at the direction of Plaintiff's counsel or in order to participate in any private action.

3. Plaintiff is willing to serve as a representative party on behalf of the class, including providing testimony at deposition and trial, if necessary. I understand that this is not a claim form, and that my ability to share in any recovery as a member of the class is not dependent upon execution of this Plaintiff Certification.

4. Plaintiff's purchase and sale transaction(s) in the **China Sunergy Co. Ltd. (NASDAQ: CSUN)** security that is the subject of this action during the Class Period are attached in Schedule A.

5. Plaintiff has complete authority to bring a suit to recover for investment losses on behalf of purchasers of the subject securities described herein (including plaintiff, any co-owners, any corporations or other entities, and/or any beneficial owners).

6. During the three years prior to the date of this Certification, Plaintiff has not sought to serve or served as a representative party for a class in an action filed under the federal securities laws except as described below:_____.

7. Plaintiff will not accept any payment for serving as a representative party on behalf of the class beyond the Plaintiff's pro rata share of any recovery, except such reasonable costs and expenses (including lost wages) directly relating to the representation of the class as ordered or approved by the Court.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 9th day of November, 2007.

_____  
Signature

Andrew P. Van Gorder  
Print Name

Andrew P. Van Gorder

## SCHEDULE A

| Date | Purchase or Sale | Type of Securities | Number of Securities | Price of Securities |
|---|---|---|---|---|
| 7/17/2007 | Purchase | Com Stk | 1,400 | 12.5000 |
| 7/18/2007 | Purchase | Com Stk | 2,100 | 12.1800 |
| 7/19/2007 | Purchase | Com Stk | 2,300 | 12.5500 |
| 7/24/2007 | Purchase | Com Stk | 2,300 | 11.9100 |
| 7/24/2007 | Purchase | Com Stk | 2,400 | 11.9000 |
| 7/27/2007 | Purchase | Com Stk | 450 | 11.0000 |
| 8/1/2007 | Purchase | Com Stk | 1,400 | 11.1100 |
| 8/1/2007 | Purchase | Com Stk | 1,200 | 11.0000 |
| 8/2/2007 | Purchase | Com Stk | 1,300 | 10.6800 |
| 8/3/2007 | Purchase | Com Stk | 981 | 9.9400 |
| 8/3/2007 | Purchase | Com Stk | 1,169 | 9.9300 |
| 8/9/2007 | Purchase | Com Stk | 450 | 9.2899 |
| 8/9/2007 | Purchase | Com Stk | 1,050 | 9.1999 |
| 8/9/2007 | Purchase | Com Stk | 900 | 9.0699 |
| 8/10/2007 | Purchase | Com Stk | 1,800 | 9.1000 |
| 8/20/2007 | Purchase | Com Stk | 1,000 | 7.2800 |
| 8/22/2007 | Purchase | Com Stk | 1,000 | 7.6500 |
| 7/18/2007 | Sale | Com Stk | 1,400 | 12.3501 |
| 7/19/2007 | Sale | Com Stk | 2,000 | 12.5000 |
| 7/23/2007 | Sale | Com Stk | 2,300 | 12.1301 |
| 7/24/2007 | Sale | Com Stk | 4,700 | 12.1500 |
| 7/30/2007 | Sale | Com Stk | 450 | 11.5000 |
| 8/1/2007 | Sale | Com Stk | 1,400 | 11.0000 |
| 8/3/2007 | Sale | Com Stk | 2,500 | 10.0000 |
| 8/3/2007 | Sale | Com Stk | 2,150 | 9.7600 |
| 8/9/2007 | Sale | Com Stk | 900 | 9.3400 |
| 8/9/2007 | Sale | Com Stk | 450 | 8.9500 |
| 8/10/2007 | Sale | Com Stk | 1,050 | 8.8000 |
| 8/14/2007 | Sale | Com Stk | 1,800 | 8.5500 |
| 8/22/2007 | Sale | Com Stk | 1,000 | 7.7900 |
| 8/24/2007 | Sale | Com Stk | 1,000 | 5.5400 |

## CERTIFICATION

I, Jie Wu ("Plaintiff") declare, as to the claims asserted under the federal securities laws, that:

1. Plaintiff has reviewed the Complaint prepared by Schiffrin Barroway Topaz & Kessler, LLP.

2. Plaintiff did not purchase the security that is the subject of this action at the direction of Plaintiff's counsel or in order to participate in any private action.

3. Plaintiff is willing to serve as a representative party on behalf of the class, including providing testimony at deposition and trial, if necessary. I understand that this is not a claim form, and that my ability to share in any recovery as a member of the class is not dependent upon execution of this Plaintiff Certification.

4. Plaintiff's purchase and sale transaction(s) in the China Sunergy Co. Ltd. (NASDAQ: CSUN) security that is the subject of this action during the Class Period are attached in Schedule A.

5. Plaintiff has complete authority to bring a suit to recover for investment losses on behalf of purchasers of the subject securities described herein (including plaintiff, any co-owners, any corporations or other entities, and/or any beneficial owners).

6. During the three years prior to the date of this Certification, Plaintiff has not sought to serve or served as a representative party for a class in an action filed under the federal securities laws except as described below:_____.

7. Plaintiff will not accept any payment for serving as a representative party on behalf of the class beyond the Plaintiff's pro rata share of any recovery, except such reasonable costs and expenses (including lost wages) directly relating to the representation of the class as ordered or approved by the Court.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 8th day of November, 2007

_____        _____
Signature                                                    Print Name  Jie Wu

Jie Wu

## SCHEDULE A

| Date | Purchase or Sale | Type of Securities | Number of Securities | Price of Securities |
|---|---|---|---|---|
| 6/6/2007 | Purchase | Com Stk | 1,700 | 10.9500 |
| 6/6/2007 | Purchase | Com Stk | 300 | 10.9500 |
| 6/7/2007 | Purchase | Com Stk | 490 | 10.9500 |
| 6/7/2007 | Purchase | Com Stk | 350 | 10.9500 |
| 6/7/2007 | Purchase | Com Stk | 200 | 10.9500 |
| 6/7/2007 | Purchase | Com Stk | 170 | 10.9500 |
| 6/7/2007 | Purchase | Com Stk | 100 | 10.9500 |
| 6/7/2007 | Purchase | Com Stk | 120 | 10.9500 |
| 6/7/2007 | Purchase | Com Stk | 100 | 10.9500 |
| 6/7/2007 | Purchase | Com Stk | 2,000 | 10.9500 |
| 7/26/2007 | Purchase | Com Stk | 15 | 11.0300 |
| 7/26/2007 | Purchase | Com Stk | 185 | 11.0300 |
| 7/26/2007 | Purchase | Com Stk | 500 | 11.0300 |
| 7/26/2007 | Purchase | Com Stk | 1,300 | 11.0300 |
| 8/2/2007 | Purchase | Com Stk | 100 | 10.7100 |
| 8/2/2007 | Purchase | Com Stk | 900 | 10.7100 |
| 8/3/2007 | Purchase | Com Stk | 1,000 | 9.5300 |
| 8/23/2007 | Purchase | Com Stk | 1,970 | 7.5300 |
| 8/23/2007 | Purchase | Com Stk | 600 | 7.5300 |
| 8/23/2007 | Purchase | Com Stk | 430 | 7.5300 |
| 6/6/2007 | Sale | Com Stk | 100 | 11.1000 |
| 6/6/2007 | Sale | Com Stk | 100 | 11.1000 |
| 6/6/2007 | Sale | Com Stk | 800 | 11.0900 |
| 6/6/2007 | Sale | Com Stk | 100 | 11.0900 |
| 6/6/2007 | Sale | Com Stk | 900 | 11.1000 |
| 6/13/2007 | Sale | Com Stk | 100 | 11.0500 |
| 6/13/2007 | Sale | Com Stk | 100 | 11.0500 |
| 6/13/2007 | Sale | Com Stk | 1,150 | 11.0500 |
| 6/13/2007 | Sale | Com Stk | 600 | 11.0500 |
| 6/13/2007 | Sale | Com Stk | 1,300 | 11.0500 |
| 6/13/2007 | Sale | Com Stk | 73 | 11.0500 |
| 6/13/2007 | Sale | Com Stk | 7 | 11.0500 |
| 6/13/2007 | Sale | Com Stk | 200 | 11.0500 |
| 8/16/2007 | Sale | Com Stk | 2,000 | 7.7601 |
| 8/16/2007 | Sale | Com Stk | 2,000 | 7.7201 |
| 8/27/2007 | Sale | Com Stk | 61 | 5.7700 |
| 8/27/2007 | Sale | Com Stk | 600 | 5.7700 |

**Jie Wu**

| Date | Type | Security | Quantity | Price |
|---|---|---|---|---|
| 8/27/2007 | Sale | Com Stk | 300 | 5.7700 |
| 8/27/2007 | Sale | Com Stk | 739 | 5.7700 |
| 8/27/2007 | Sale | Com Stk | 400 | 5.7700 |
| 8/27/2007 | Sale | Com Stk | 900 | 5.7700 |

Case 1:07-cv-07895-DAB    Document 7-4    Filed 11/09/2007    Page 7 of 9

**Jie Wu**

# CERTIFICATION OF NAMED PLAINTIFF
## PURSUANT TO FEDERAL SECURITIES LAWS

DON VANDENHEUVAL ("Plaintiff") declares:

1. Plaintiff has reviewed a complaint and authorized its filing.

2. Plaintiff did not acquire the security that is the subject of this action at the direction of plaintiff's counsel or in order to participate in this private action or any other litigation under the federal securities laws.

3. Plaintiff is willing to serve as a representative party on behalf of the class, including providing testimony at deposition and trial, if necessary.

4. Plaintiff has made the following transaction(s) during the Class Period in the securities that are the subject of this action:

**Acquisitions:**

| Date Acquired | Number of Shares Acquired | Acquisition Price Per Share |
|---|---|---|
| 5/24/07 | 2000 | $13.75 |
| | | |
| | | |

**Sales:**

| Date Sold | Number of Shares Sold | Selling Price Per Share |
|---|---|---|
| | | |
| | | |
| | | |

5. Plaintiff has not sought to serve or served as a representative party for a class in an action filed under the federal securities laws except as detailed below during the three years prior to the date of this Certification:

6. The Plaintiff will not accept any payment for serving as a representative party on behalf of the class beyond the Plaintiff's pro rata share of any recovery,

CHINA SUNERGY

- 2 -

except such reasonable costs and expenses (including lost wages) directly relating to the representation of the class as ordered or approved by the court.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 13d day of September, 2007.

D E + J LIMITED PARTNERSHIP

By: _____
DON VANDENHEUVAL gn. part.

CHINA SUNERGY