# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THOMAS BROWN, Individually And On Behalf of All Others Similarly Situated, )<br><br>Plaintiff, )<br><br>vs. )<br><br>CHINA SUNERGY CO., LTD., TINGXIU LU, JIANHUA ZHAO, JAMES SHAOFENG QI, GUANGYOU YIN, FENGMING ZHANG, SHILIANG GUO, MERRILL LYNCH, PIERCE, FENNER & SMITH INC., COWEN & CO, LLC. and JEFFERIES & CO., INC, )<br><br>Defendants. ) | **CIVIL ACTION NO. 07-7895**<br><br>**JUDGE DEBORAH A. BATTS** |

(Caption continued on the following page)

**MEMORANDUM IN SUPPORT OF THE MOTION OF THE TONYAZ GROUP TO CONSOLIDATE RELATED ACTIONS; TO BE APPOINTED LEAD PLAINTIFF; AND TO APPROVE PROPOSED LEAD PLAINTIFF'S CHOICE OF COUNSEL**

i

ADEL SESHTAWAY, Individually And
On Behalf of All Others Similarly Situated,

                Plaintiff,

    vs.

CHINA SUNERGY CO., LTD.,
TINGXIU LU, JIANHUA ZHAO, JAMES
SHAOFENG QI, GUANGYOU YIN,
FENGMING ZHANG, SHILIANG GUO,
MERRILL LYNCH, PIERCE, FENNER
& SMITH INC., COWEN & CO, LLC.
and JEFFERIES & CO., INC,

               Defendants.

**CIVIL ACTION NO. 07-8656**

**JUDGE DEBORAH A. BATTS**

ANTHONY GIOMBETTI, Individually And
On Behalf of All Others Similarly Situated,

                Plaintiff,

    vs.

CHINA SUNERGY CO., LTD.,

                Defendant.

**CIVIL ACTION NO. 07-9689**

**JUDGE DEBORAH A. BATTS**

## <u>TABLE OF CONTENTS</u>

PRELIMINARY STATEMENT…………………………………………………………………1

PROCEDURAL BACKGROUND……………………………………………………………..2

STATEMENT OF FACTS…………………………………………………………………...3

ARGUMENT………………………………………………………………………………...5

    I.       THE COURT SHOULD CONSOLIDATE THE RELATED ACTIONS……………5

    II.     THE TONYAZ GROUP SHOULD BE APPOINTED LEAD PLAINTIFF…………6

        A.     The Procedural Requirements Pursuant to the PSLRA…………………………..6

        B.     The Tonyaz Group is "The Most Adequate Plaintiff"……………......................7

             1.     The Tonyaz Group Has Complied With the PSLRA and Should Be Appointed Lead Plaintiff…………………………………………………7

             2.     The Tonyaz Group Has the Largest Financial Interest…………………8

             3.     The Tonyaz Group Satisfies the Requirements of Rule 23………………8

                  i.  The Tonyaz Group's Claims are Typical of the Claims of all the Class Members………………………………...…………………………9

                  ii.  The Tonyaz Group Will Adequately Represent the Class…………...10

    III.    THE COURT SHOULD APPROVE THE TONYAZ GROUP'S CHOICE OF LEAD COUNSEL …………………………………………………………………..11

CONCLUSION…………………………………………………………………………...12

## PRELIMINARY STATEMENT

The Tonyaz Group (or "Movants") hereby move to consolidate various related securities class actions filed against China Sunergy Co., Ltd.[1] ("China Sunergy" or the "Company") and other defendants, to be appointed Lead Plaintiff in this action pursuant to §27(a)(3)(B) of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. § 77z-1(a)(3)(B), as amended by Section 101(a) of the Private Securities Litigation Reform Act of 1995 ("PLSRA"), and for approval of its selection of the law firm of Kahn Gauthier Swick, LLC, as Lead Counsel for the Class in this case.

The Tonyaz Group fully understands its duties and responsibilities to the Class, and is willing and able to oversee the vigorous prosecution of this action. As described in the Certifications attached to the Declaration of Kim E. Miller in Support of the Motion of The Tonyaz Group to Consolidate All Related Actions, To Be Appointed Lead Plaintiff, and To Approve Proposed Lead Plaintiff's Choice of Counsel ("Miller Decl.") at Exhibit A, the Tonyaz Group has suffered losses of $416,021.00 as a result of its members' purchases of shares of China Sunergy common stock pursuant and/or traceable to the Company's false and misleading Registration Statement and Prospectus issued in connection with the May 17, 2007 initial public offering ("IPO") of 9.775 million American Depositary Shares. To the best of its knowledge, the Tonyaz Group has sustained the largest loss of any investor seeking to be appointed as Lead Plaintiff.

In addition to evidencing the largest financial interest in the outcome of this litigation, the Tonyaz Group's Certifications demonstrate its members' intent to serve as Lead Plaintiff in this

---

[1] The related securities class actions include the following cases: *Thomas Brown v. China Sunergy Co., Ltd., et al*, 07-cv-7895 (filed September 7, 2007); *Adel Seshtaway v. China Sunergy Co., Ltd., et al,* 07-cv-8656 (filed October 5, 2007); *Anthony Giombetti v. China Sunergy Co., Ltd.,* 07-cv-9689 (filed October 31, 2007)

litigation, including their cognizance of the duties of serving in that role.[2]  Moreover, the Tonyaz Group satisfies both the applicable requirements of the PSLRA and Rule 23 of the Federal Rules of Civil Procedure ("Rule 23") and is presumptively the "most adequate plaintiff."

Accordingly, the Tonyaz Group respectfully submits this memorandum of law in support of its motion, pursuant to §27(a)(3)(B) of the Securities Act, as amended by the PSLRA, for an order: (1) consolidating all related actions concerning the subject matters of these actions pursuant to Fed. R. Civ. P. 42(a); (2) appointing the Tonyaz Group as Lead Plaintiff in this action pursuant to Section 27(a)(3)(B) of the Securities Act; and (3) approving the Tonyaz Group's selection of the law firm of Kahn Gauthier Swick, LLC as Lead Counsel for the Class.

## PROCEDURAL BACKGROUND

The first lawsuit against defendants, *Thomas Brown v. China Sunergy Co., Ltd., et al.*, No. 07-cv-7895, was filed on behalf of plaintiff Thomas Brown in the Southern District of New York on September 7, 2007.  Pursuant to 15 U.S.C. § 77z-1(a)(3)(A)(i), on September 10, 2007, the first notice that a class action had been initiated against Defendants was published on *Market Wire*, a widely-circulated national business-oriented wire service, advising members of the proposed Class of their right to move the Court to serve as Lead Plaintiff no later than November 9, 2007.  *See* Miller Decl. at Exhibit B.

The Tonyaz Group's members are Class Members (*see* Miller Decl. at Exhibit A) who have timely filed this motion within the 60 day period following publication of the September 10, 2007 notice.

---

[2]  The relevant federal securities laws specifically authorize any Class Member seeking to be appointed Lead Plaintiff to either file a complaint or move for appointment as Lead Plaintiff.  *See* 15 U.S.C. § 77z-1(a)(3)(B)(iii).  A copy of the Tonyaz Group's Certifications of his transactions in China Sunergy securities purchased pursuant and/or traceable to the Company's Registration Statement and Prospectus issued in connection with the May 17, 2007 IPO is attached as Exhibit A to the Miller Declaration that has been filed in support of this motion.

## STATEMENT OF FACTS[3]

Defendant China Sunergy is a manufacturer of solar cell products that uses silicon wafers utilizing crystalline silicon solar cell technology to convert sunlight into electricity. China Sunergy's Prospectus and website claim that it "is a leading manufacturer of solar cell products, as measured by production capacity." According to the IPO Prospectus, in the years leading up to the May 2007 Offering, China Sunergy was a company that experienced remarkable growth—growing revenues from a mere $13.75 million at year end 2005, to almost $150 million the following year.

In fact, immediately prior to the IPO, defendants reported that the Company had even turned an operating profit—a dramatic reversal after reporting losses since the inception of the Company. According to the IPO Prospectus, net loss attributable to ordinary shares was ($950,000) at year end 2004, ($307,000) at year end 2005, and ($37,212,000) at year end 2006. Thus, taking advantage of this purported remarkable growth and sudden profitability of the Company, on May 17, 2007, defendants accomplished the IPO of 8.5 million ADS raising approximately $93 million.[4] Little did investors know, however, the Registration Statement and Prospectus issued in connection with the IPO were materially false and misleading, and failed to disclose that China Sunergy was already having difficulty obtaining sufficient raw materials to achieve its revenue objectives and that, forseeably, this would have a near-term adverse impact on earnings. The IPO Prospectus—finalized in the middle of the second quarter of 2007—also failed to disclose that China Sunergy would likely face a loss in 2Q:07.

---

[3] These facts were derived from the allegations contained in the class action styled as *Thomas Brown v. China Sunergy, Co., Ltd., et al*, 07-cv-7895 (filed September 7, 2007).

[4] Including the 1.275 million shares issued pursuant to the over-subscription option, the Offering raised at least $107.525 million.

As evidence that investors had no knowledge or understanding of these undisclosed supply problems, on the first day of trading after shares were offered at $11.00 each, China Sunergy's stock closed at about $16.50 per share after trading as high as $16.75, an increase over debut of more than 45%.

It was only on July 3, 2007, approximately six weeks after the IPO, that China Sunergy shocked investors by issuing a press release announcing preliminary results for 2Q/07—the quarter in which the IPO was effectuated—that were far below guidance.[5]  To investors' shock and alarm, the Company could suddenly not obtain critical supplies necessary for production, and this was causing a material adverse impact on revenues, earnings and profits.  In addition to suddenly admitting to "supply challenges," this release also stated that "the relatively tight supply of polysilicon affected the quality, quantity and delivery of wafers and drove up overall wafer prices in the spot market, resulting in increased pressure on China Sunergy's margins."

Because investors had already been assured that such supply requirements had been secured *prior* to selling almost $110 million of stock to investors only weeks before, this news caused the price of China Sunergy stock to collapse nearly 25% in a single trading day—from a high of $14.90 on July 2, 2007, to a close of $11.28 the following day.  That day, the trading volume of 3.659 million shares traded far exceeded the Company's near-term average.

As the impact of defendants' belated disclosures resonated in the market, shares of the Company steadily declined—trading at about $7.50 per share by August 23, 2007.  The following day, however, shares traded significantly lower after defendants revealed that the Company's CFO was resigning, after defendants revealed that the Company would lose at least $0.14 per share for 2Q/07, and after analysts reported that China Sunergy would not reach an

---

[5]  When the Company reported results for 2Q:07 on August 24, 2007, actual results were even worse than defendants' July 3, 2007 release originally acknowledged.

operating profit until mid-2008.  The following day, August 24, 2007, shares of the Company

declined an additional 33%, falling to below $5.00 per share, on exceptionally heavy trading

volume of over 3.757 million shares traded.

In the roughly ten weeks following the IPO, China Sunergy's stock price  dropped from a

high above $16.70, reached on its first day of trading, to a low of below $5 per share.  In total, at

least $100 million of market capitalization and over 50% of investors IPO investment in the

Company was eviscerated.

## ARGUMENT

### I.    THE COURT SHOULD CONSOLIDATE THE RELATED ACTIONS

Consolidation of the securities class actions is appropriate where, as here, the actions

involve common questions of law and fact.  Both the Federal Rules of Civil Procedure (Fed. R.

Civ. P. 42(a))[6] and the PSLRA provide for consolidation of related actions brought under the

federal securities laws.  Section 77z-1(a)(3)(B)(ii) of the Securities Act addresses the issue of

consolidation of related securities actions:

> If more than one action on behalf of a class asserting substantially
> the same claim or claims arising under this title has been filed, and
> any party has sought to consolidate those actions for pretrial
> purposes or for trial, the Court shall not make the determination [of
> appointment of lead plaintiff] until after the decision on the motion
> to consolidate is rendered.

The related actions are perfectly suited for consolidation.  The class actions contain very

similar allegations charging the Company and key executives with making false and misleading

statements, and omitting material information concerning the Company's financial health during

the relevant period.  The class actions involve common legal issues and assert claims under

---

[6] Fed. R. Civ. P. 42(a):  Consolidation.  When actions involving a common question of law or fact are pending
before the Court…it may order all the actions consolidated.

Sections 11 and 15 of the Securities Act.[7]  "While district courts have 'broad discretion' in determining the propriety of consolidation, this Court has recognized that consolidation is particularly appropriate in the context of securities class actions if the complaints are 'based on the same public statements and reports."  *Glauser v. EVCI Career Colleges Holding Corp.*, No. 05-cv-10240, 2006 WL 1302265, at *3 (S.D.N.Y. May 9, 2006).  Accordingly, this Court should consolidate the related actions.

## II.    THE TONYAZ GROUP SHOULD BE APPOINTED LEAD PLAINTIFF

### A.    The Procedural Requirements Pursuant to the PSLRA

The PSLRA sets forth a detailed procedure for the selection of a Lead Plaintiff to oversee securities class actions brought pursuant to the Federal Rules of Civil Procedure.  *See* 15 U.S.C. § 77z-1(a)(3).

First, the plaintiff who files the initial action must, within 20 days of filing the action, publish a notice to the class informing Class Members of their right to file a motion for appointment as lead plaintiff.  15 U.S.C. § 77z-1(a)(3)(A)(i).  Plaintiff in the first-filed action published a notice on *Market Wire* on September 10, 2007.  *See* Miller Decl. Exhibit B.[8]  This notice indicated that applications for appointment as Lead Plaintiff were to be made no later than November 9, 2007.  Within 60 days after publication of the required notice, any member or members of the proposed Class may apply to the Court to be appointed as Lead Plaintiff, whether or not they have previously filed a complaint in this action.  15 U.S.C. § 77z-1(a)(3)(A) and (B).

---

[7] This assessment is based upon a review of all of the related complaints currently available on PACER.

[8] *Market Wire* is a suitable vehicle for meeting the statutory requirement that notice be published "in a widely circulated national business-oriented publication or wire service."  *See Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. LaBranche & Co.*, No. 02-cv-8264, 2004 U.S. Dist. LEXIS 9571, at *20 (S.D.N.Y. May 27, 2004); *Greebel v. FTP Software, Inc.*, 939 F. Supp. 57, 62-64 (D. Mass. 1996); *Lax v. First Merchs. Acceptance Corp.*, No. 97-cv-2715, 1997 U.S. Dist. LEXIS 11866, at *2 (N.D. Ill. August 6, 1997).

Next, according to the PSLRA, within 90 days after publication of the initial notice of pendency of the action, the Court shall appoint as Lead Plaintiff the movant that the Court determines to be the most capable of adequately representing the interests of Class Members. 15 U.S.C. § 77z-1(a)(3)(B)(i). In determining who is the "most adequate plaintiff," the acts provide that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this title is the person or group of persons that—
>
> (aa)  has either filed the complaint or made a motion in response to a notice…
>
> (bb)  in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc)  otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure [pertaining to class actions].

15 U.S.C. § 78u-4(a)(3)(B)(iii). *See In re Oxford Health Plans, Inc., Sec. Litig.*, 182 F.R.D. 42, 43-44 (S.D.N.Y. 1998); *Sofran v. Labranche & Co.*, 220 F.R.D. 398, 401 (S.D.N.Y. 2004).

**B.    The Tonyaz Group is "The Most Adequate Plaintiff"**

**1.    The Tonyaz Group Has Complied With the PLSRA and Should Be Appointed Lead Plaintiff**

The Tonyaz Group moves this Court to be appointed Lead Plaintiff and has timely filed the instant motion to be appointed Lead Plaintiff within the 60-day time period requirement. The plaintiff in the first-filed action published notice on *Market Wire*, a national business-oriented wire service, on September 10, 2007. Accordingly, The Tonyaz Group meets the requirement of 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I)(aa) and has filed its motion by November 9, 2007.

Moreover, the Tonyaz Group has sustained a substantial loss from its investment in China Sunergy stock and has shown its members' willingness to represent the Class by signing Certifications detailing their China Sunergy transaction information. *See* Miller Decl. Exhibit A.

As demonstrated by its members' Certifications, the Tonyaz Group is prepared to consult with counsel on a regular basis, prior to every major litigation event, and direct the course of litigation, with the benefit of counsel's advice.  In addition, the Tonyaz Group has selected and retained highly competent counsel with significant experience in class action and securities litigation to represent the Class.  The firm biography of proposed Lead Counsel, Kahn Gauthier Swick, LLC, is attached as Exhibit C to the Miller Declaration.

### 2.    The Tonyaz Group Has the Largest Financial Interest

According to 15 U.S.C. § 77z-1(a)(3)(B)(iii), the Court shall appoint as Lead Plaintiff the movant or movants who have the largest financial interest in the relief sought by the action.  *See Sofran*, 220 F.R.D. at 401; *see also, Lee v. Axonyx, Inc., et al.*, No. 7:05-cv-2307, slip. Op., at pg. 8 (S.D.N.Y. Jan. 27, 2006) (Griesa, J.) (appointing movant with the largest financial interest). As demonstrated herein, Movant (with losses of $416,021.00) has the largest known financial interest in the relief sought by the Class.  *See* Miller Decl. Exhibit A.

### 3.    The Tonyaz Group Satisfies the Requirements of Rule 23

According to 15 U.S.C. § 77z-1(a)(3)(B), in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure."  Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

Of the four prerequisites to class certification, only two—typicality and adequacy—directly address the personal characteristics of the class representative. Consequently, in deciding a motion to serve as lead plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the lead plaintiff moves for class certification. *See Oxford Health*, 182 F.R.D. at 49 (holding that typicality and adequacy are the only relevant prerequisites to lead plaintiff selection under the PSLRA); *See also Sczensy Trust v. DiCamillo*, 223 F.R.D. 319, 323-24 (S.D.N.Y. 2004); *Weinberg v. Atlas Air Worldwide Holdings, Inc.*, 216 F.R.D. 248, 252 (S.D.N.Y. 2003), citing *In re Party City*, 189 F.R.D. at 106 ("In fact, a 'wide ranging analysis under Rule 23 is not appropriate [at this initial stage of the litigation] and should be left for consideration of a motion for class certification."). As detailed below, Movant satisfies both the typicality and adequacy requirements of Rule 23, thereby justifying its appointment as Lead Plaintiff. The Tonyaz Group has claims that are typical of those of other Class Members and can adequately serve as Lead Plaintiff.

### i.    The Tonyaz Group's Claims Are Typical of the Claims of All the Class Members

Under Rule 23(a)(3), typicality exists where "the claims…of the representative parties" are "typical of the claims…of the class." The typicality requirement of Rule 23(a)(3) is satisfied when the representative plaintiff's claims arise from the same event or course of conduct that gives rise to claims of other Class Members, and when the claims are based on the same legal theory. *See Rossini v. Ogilvy & Mather, Inc.*, 798 F.2d 590, 598 (2d Cir. 1986). The requirement that the proposed class representatives' claims be typical of the claims of the class does not mean, however, that the claims must be identical. *See Daniels v. City of N.Y.*, 198 F.R.D. 409, 418 (S.D.N.Y. 2001), citing *Wilder v. Bernstein*, 499 F. Supp. 980, 922 (S.D.N.Y.

1980); *see also, Ferrari v. Impath*, No. 03-cv-5667, 2004 U.S. Dist. LEXIS 13898, at *18 (S.D.N.Y. July 15, 2004).

In this case, the typicality requirement is met because the Tonyaz Group's claims are identical, non-competing and non-conflicting with the claims of the other Class Members. The Tonyaz Group and all of the Class Members purchased China Sunergy securities pursuant and/or traceable to the Company's false and misleading Registration Statement and Prospectus issued in connection with the May 17, 2007 IPO, when the stock prices were artificially inflated as a result of the Defendants' misrepresentations and omissions, and thus, both the Tonyaz Group and the Class Members suffered damages as a result of these purchases. Simply put, the Tonyaz Group, like all other Class Members: (1) purchased China Sunergy stock pursuant and/or traceable to the Company's false and misleading Registration Statement and Prospectus issued in connection with the May 17, 2007 IPO; (2) purchased China Sunergy stock at artificially-inflated prices as a result of Defendants' misrepresentations and omissions; and (3) suffered damages thereby. The Tonyaz Group's claims and injuries "arise from the same conduct from which the other class members' claims and injuries arise." *Oxford Health*, 182 F.R.D. at 50. The Tonyaz Group is not subject to any unique or special defenses. Thus, the Tonyaz Group meets the typicality requirement of Fed. R. Civ. P. Rule 23, because its claims are the same as the claims of the other Class Members.

### ii.    The Tonyaz Group Will Adequately Represent the Class

Under Rule 23(a)(4), the representative party must "fairly and adequately protect the interests of the class." The PSLRA directs the Court to limit its inquiry regarding the adequacy of the Movant to: (1) whether there are any conflicts between the interests of the Movant and the members of the Class; (2) whether the Movant is an adequate representative of the Class; (3)

whether the interests of the Movant are clearly aligned with the members of the putative Class; and (4) whether there is evidence of any antagonism between their respective interests.  15 U.S.C. § 77z-1(a)(3)(B).

The Tonyaz Group's interests are clearly aligned with the members of the Class because its claims are identical to the claims of the Class.  There is no evidence of antagonism between its interests and those of the proposed Class Members.  Furthermore, the Tonyaz Group has a significant, compelling interest in prosecuting this action to a successful conclusion based upon the very large financial loss its members incurred as a result of the wrongful conduct alleged herein.  This motivation, combined with the Tonyaz Group's identical interest with the members of the Class, clearly shows that the Tonyaz Group will adequately and vigorously pursue the interests of the Class.  In addition, the Tonyaz Group has selected a law firm that is highly experienced in prosecuting securities class actions such as this one to represent them.

In sum, because of the Tonyaz Group's common interests with the Class Members, its clear motivation and ability to vigorously pursue this action, and its competent counsel, the adequacy requirement of Fed. R. Civ. P. Rule 23(a) is met in this case.  Therefore, since the Tonyaz Group not only meets both the typicality and adequacy requirements of Fed. R. Civ. P. Rule 23(a), and has sustained the largest amount of losses at the hands of the Defendants, it is, in accordance with 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I), presumptively the most adequate plaintiff to lead this action.

## III.    THE COURT SHOULD APPROVE THE TONYAZ GROUP'S CHOICE OF LEAD COUNSEL

The PSLRA vests authority in the lead plaintiff to select and retain counsel to represent the Class, subject to the Court's approval.  *See* 15 U.S.C. § 77z-1(a)(3)(B)(v).  Thus, this Court

should not disturb the lead plaintiff's choice of counsel unless necessary to "protect the interests of the class." 15 U.S.C. § 77z-1(a)(3)(B)(iii)(II)(aa).

The Tonyaz Group has selected Kahn Gauthier Swick, LLC, to serve as proposed Lead Counsel for the Class. This firm has not only prosecuted complex securities fraud actions, but has also successfully prosecuted many other types of complex class actions. *See* Miller Decl. Exhibit C. Furthermore, the Tonyaz Group's counsel has continually invested time and resources in carefully investigating and prosecuting this case. This Court may be assured that in the event this motion is granted, the members of the Class will receive the highest caliber of legal representation.

## <u>CONCLUSION</u>

For all of the foregoing reasons, the Tonyaz Group respectfully requests that this Court: (1) consolidate all related actions, (2) appoint the Tonyaz Group to serve as Lead Plaintiff in this consolidated action; (3) approve the Tonyaz Group's selection of Lead Counsel for the Class; and (4) grant such other and further relief as the Court may deem just and proper.

Dated: November 9, 2007                    Respectfully submitted,


                                           KAHN GAUTHIER SWICK, LLC

                                             /s/  Kim E. Miller_____
                                           Michael A. Swick  (MS-9970)
                                           Kim E. Miller (KM-6996)
                                           12 East 41st Street, 12th Floor
                                           New York, NY 10017
                                           Telephone:   (212) 696-3730
                                           Facsimile:    (504) 455-1498

                                           And

                                           KAHN GAUTHIER SWICK, LLC
                                           Lewis S. Kahn

650 Poydras St., Suite 2150
New Orleans, Louisiana 70130
Telephone (504) 455-1400
Facsimile: (504) 455-1498

*Counsel for The Tonyaz Group and Proposed Lead Counsel for the Class*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that this Memorandum was filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and paper copies will be sent to those indicated as non-registered participants on November 9, 2007.

<u>/s/ Kim E. Miller</u>
Kim E. Miller