**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| THOMAS BROWN, Individually And On Behalf of All Others Similarly Situated,<br><br>                Plaintiff,<br><br>vs.<br><br>CHINA SUNERGY CO., LTD., TINGXIU LU, JIANHUA ZHAO, JAMES SHAOFENG QI, GUANGYOU YIN, FENGMING ZHANG, SHILIANG GUO, MERRILL LYNCH, PIERCE, FENNER & SMITH INC., COWEN & CO., LLC. and JEFFERIES & CO., INC,<br><br>                Defendants. | **CIVIL ACTION NO. 07-7895**<br><br>**JUDGE DEBORAH A. BATTS** |

(Caption continued on the following page)

**MEMORANDUM IN FURTHER SUPPORT OF THE MOTION OF THE TONYAZ GROUP TO CONSOLIDATE RELATED ACTIONS; TO BE APPOINTED LEAD PLAINTIFF; AND TO APPROVE PROPOSED LEAD PLAINTIFF'S CHOICE OF COUNSEL; AND IN OPPOSITION TO ALL OTHER COMPETING MOTIONS**

| | |
|---|---|
| ADEL SESHTAWAY, Individually And On Behalf of All Others Similarly Situated,<br><br>           Plaintiff,<br><br>vs.<br><br>CHINA SUNERGY CO., LTD., TINGXIU LU, JIANHUA ZHAO, JAMES SHAOFENG QI, GUANGYOU YIN, FENGMING ZHANG, SHILIANG GUO, MERRILL LYNCH, PIERCE, FENNER & SMITH INC., COWEN & CO, LLC. and JEFFERIES & CO., INC,<br><br>           Defendants. | **CIVIL ACTION NO. 07-8656**<br><br>**JUDGE DEBORAH A. BATTS** |
| ANTHONY GIOMBETTI, Individually And On Behalf of All Others Similarly Situated,<br><br>           Plaintiff,<br><br>vs.<br><br>CHINA SUNERGY CO., LTD.,<br><br>           Defendant. | **CIVIL ACTION NO. 07-9689**<br><br>**JUDGE DEBORAH A. BATTS** |

Three competing motions to appoint Lead Plaintiff are currently pending before this Court in this securities class action lawsuit brought on behalf of all purchasers of China Sunergy Co., Ltd. ("China Sunergy") common stock pursuant and/or traceable to the Company's false and misleading Registration Statement and Prospectus issued in connection with its May 17, 2007, initial public offering ("IPO") of 9.775 million American Depositary Shares, alleging violations

1

of Sections 11 and 15 of the Securities Act of 1933 (the "Securities Act"), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA") (15 U.S.C. § 77z-1).

The Tonyaz Group, comprised of Nijat Tonyaz, Thomas Brown and Wang Chun Ling, moved this Court for an Order: (1) consolidating all related actions; (2) appointing the Tonyaz Group as Lead Plaintiff pursuant to Section 27(a)(3)(B) of the Securities Act; and (3) approving the Tonyaz Group's selection of Kahn Gauthier Swick, LLC ("KGS") as Lead Counsel for the Class.

Among the three competing motions for appointment as Lead Plaintiff, it is clear that the Tonyaz Group is the most adequate plaintiff as set forth in the PSLRA. The Tonyaz Group suffered losses of approximately $416,021 in connection with its members' purchases of China Sunergy stock pursuant and/or traceable to the Company's false and misleading Registration Statement and Prospectus issued in connection with the May 17, 2007 IPO. This is the greatest loss sustained by any moving Class Member who has brought suit or who has timely filed a motion to serve as Lead Plaintiff. In addition, the Tonyaz Group satisfies the requirements of Fed. R. Civ. P. 23 to the extent required by the PSLRA, as its claims are typical of the claims of the Class, and each member of the Tonyaz Group will fairly and adequately represent the interests of the Class.

By way of contrast, all competing movants have substantially less losses than the Tonyaz Group. Compared to the Tonyaz Group's losses of $416,021, the totality of the losses of the competing movants when aggregated (the Hughes Group and Lin Ko-Ming) are less than one-third of those of the Tonyaz Group.

**I. BACKGROUND**

This is an action pending in the United States District Court for the Southern District of New York against the Company, and certain of its officers and directors. According to the complaints, Defendants violated Sections 11 and 15 of the Securities Act.

On September 10, 2007, a PSLRA notice was issued announcing that a class action had been filed against China Sunergy and certain of its officers and directors for alleged violations of the Securities Act. The notice advised class members they had until 60 days from the date of the notice to move to be appointed as Lead Plaintiff. *See* Declaration of Kim Miller in Support of the Motion of the Tonyaz Group Consolidate all Related Actions; to be Appointed Lead Plaintiff; and to Approve Proposed Lead Plaintiff's Choice of Counsel ("Miller Decl."), Ex. B.

On November 9, 2007, the Tonyaz Group and two other competing movants filed motions to be appointed Lead Plaintiff in this action, with each claiming to be the "person or group of persons" that has "the largest financial interest in the relief sought by the class." *See* 15 U.S.C. § 77z-1(a)(3)(B)(iii).

As discussed below, the Tonyaz Group has by far suffered the greatest loss among the movants, is the most adequate plaintiff pursuant to the PSLRA, and its choice of Lead Counsel for the Class should be satisfied.

**II. ARGUMENT**

    **A.    The Court Should Consolidate the Related Actions**

All movants agree that the related actions should be consolidated. The Federal Rules of Civil Procedure provide for consolidation of actions pending before a court that assert "common questions of law or fact," Fed. R. Civ. P. Rule 42(a), and the PSLRA provides for consolidation of related federal securities actions, before the Court determines the Lead Plaintiff issue. *See* 15

U.S.C. § 77z-1(a)(3)(B)(iii). Here, the three securities class actions filed involve common—indeed virtually identical—questions of law and fact and assert claims on behalf of the aggrieved China Sunergy investors. *Glauser v. EVCI Career Colleges Holding Corp.*, No. 05-cv-10240, 2006 WL 1302265, at *3 (S.D.N.Y. May 9, 2006) ("While district courts have 'broad discretion' in determining the propriety of consolidation, this Court has recognized that consolidation is particularly appropriate in the context of securities class actions if the complaints are 'based on the same public statements and reports.'")  Furthermore, Defendants have standing to object to consolidation (as opposed to Lead Plaintiff appointments) but have not done so. Therefore, consolidation of these actions is proper and should be granted at this time. *See*, *e.g.*, *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990).

### B.     The Tonyaz Group Should Be Appointed Lead Plaintiff

Section 27(a) of the PSLRA sets forth procedures for the selection of Lead Plaintiff in class actions brought under the Act. The PSLRA directs courts to consider any motion to serve as Lead Plaintiff filed by Class Members in response to a published notice of class action by the latter of (i) 60 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 77z-1(a)(3)(B)(i) and (ii).

The PSLRA provides a "rebuttable presumption" that the most "adequate plaintiff" to serve as Lead Plaintiff is the "person or group of persons" that:

(aa) has either filed the complaint or made a motion in response to a notice...;

(bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

4

15 U.S.C. § 77z-1(a)(3)(B)(iii); *see* also *In re Oxford Health Plans, Inc., Sec. Litig.*, 182 F.R.D. 42, 43-44 (S.D.N.Y. 1998); *Sofran v. Labranche & Co.*, 220 F.R.D. 398, 401 (S.D.N.Y. 2004).

As set forth below, the Tonyaz Group satisfies all three of these criteria and thus is entitled to the presumption that it is the most adequate plaintiff and, therefore, should be appointed as Lead Plaintiff.

### 1. The Tonyaz Group is Willing to Serve as Class Representative

The Tonyaz Group has timely filed its motion pursuant to the PSLRA-mandated notice and, as set forth in its members' certifications filed previously with this Court, attest that each member of the Tonyaz Group has reviewed the Complaint, is familiar with the allegations therein, and is willing to serve as a representative of the Class. (Miller Decl., Ex. A).

Accordingly, the Tonyaz Group has satisfied the first requirement to serve as Lead Plaintiff for the Class.

### 2. The Tonyaz Group Has the Largest Financial Interest in the Action

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons...that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 77z-1(a)(3)(B)(iii); *see also Sofran*, 220 F.R.D. at 401; *In re Doral Fin. Corp. Sec. Litig.*, 414 F. Supp. 2d 398, 401 (S.D.N.Y. 2006); *Fishbury, Ltd. v. Connetics Corp.*, 2006 U.S. Dist. LEXIS 90696, *7 (S.D.N.Y. December 14, 2006) ("the Court must presume that the most adequate plaintiff is the person with the largest financial interest in the relief sought by the class, so long as that person otherwise satisfies the requirements of Federal Rule of Civil Procedure 23.")

In total, the Tonyaz Group purchased 60,550 shares of China Sunergy stock during the Class Period at a total cost of approximately $856,128. They sold 7850 of those shares for

5

approximate gross proceeds of $66,991, and held the remaining shares. Thus, they have suffered approximate losses of $416,021. (Miller Decl., Ex. A)

By way of contrast, the Hughes Group and Lin Ko-Ming have substantially less losses than the Tonyaz Group. Compared to the Tonyaz Group's losses of $416,021, the losses of the competing movants, the Hughes Group and Lin Ko-Ming are $64,460.97 and $53,725, respectively, as demonstrated below:

| MOVANT | FIRM | LOSSES |
|---|---|---|
| Tonyaz Group: Nijat Tonyaz, Thomas Brown, Wang Chun Ling | Kahn Gauthier Swick, LLC | $416,021.00 |
| Hughes Group: Howard Hughes, Don Vandenheuval (on behalf of DE& J Limited Partnership), Jie Wu and Andrew P. Van Gorder | Coughlin, Stoia, Geller, Rudman & Robbins, LLP and Schiffrin, Barroway, Topaz & Kessler, LLP | $64,460.97 |
| Lin Ko-Ming | Federman & Sherwood | $53,725.00 |

With only three Lead Plaintiff group members, the Tonyaz Group, with collective losses of $416,021, is small enough that coordinated decision making should not present any difficulties. The Securities and Exchange Commission has noted, and this Court has previously held, that groups of this size, with substantial losses, are suitable Lead Plaintiffs. *See* e.g. *Weltz v. Lee*, 199 F.R.D. 129, 133 (S.D.N.Y. 2001) (appointing a seven member group as Lead Plaintiff); *see* also *In re Crayfish Co. Sec. Litig.*, 2002 U.S. Dist. LEXIS 10134 (S.D.N.Y. June 6, 2002) (appointing a seven member group as Lead Plaintiff); *Schulman v. Lumenis, Ltd.*, 2003 U.S. Dist. LEXIS 10348 (S.D.N.Y. June 18, 2003) (appointed a three member group as Lead Plaintiff); *In re Baan Co. Sec. Litig.*, 186 F.R.D. 214, 217 (D.C. 1999); *In re Cendant Corp.*

*Litig.*, 264 F.3d 201, 267 (3d. Cir. 2001) (agreeing with SEC view that a group larger than five may be too large to work effectively); *In re First Union Corp. Sec. Litig*, 157 F. Supp. 2d 638, 643 (W.D.N.C. 2000); *In re Universal Access, Inc.*, 209 F.R.D. 379, 384 (E.D. Tex. 2002); *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998) (co-lead plaintiff group allows for broad representation and sharing of resources and experience); *In re Nature's Sunshine Products, Inc.*, No. 06-cv-267 TS, 2006 U.S. Dist. Lexis 57594, (D. Utah Aug. 16, 2006) (appointing group of three unrelated investors lead plaintiff).

The Tonyaz Group satisfies the largest financial interest requirement to be appointed as Lead Plaintiff for the Class.

       **3.    The Tonyaz Group Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure**

The PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C § 77z-1(a)(3)(B)(iii)(I)(cc). Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

In making its determination that the Lead Plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification—a prima facie showing that the Tonyaz Group satisfies the requirements of Rule 23 is sufficient. *Greebel v. FTP Software*, 939 F. Supp. 57, 60, 64 (D. Mass. 1996). Moreover, "typicality and adequacy of representation are the only provisions relevant to a determination of

7

lead plaintiff under the PSLRA." *Oxford Health Plans, Inc*., 182 F.R.D. at 49 (citing *Gluck v. Cellstar Corp*., 976 F. Supp. 542, 546 (N.D. Tex. 1997); see *also, Sczensy Trust v. DiCamillo*, 223 F.R.D. 319, 323-24 (S.D.N.Y. 2004); *Weinberg v. Atlas Air Worldwide Holdings, Inc.*, 216 F.R.D. 248, 252 (S.D.N.Y. 2003) ("In fact, a 'wide ranging analysis under Rule 23 is not appropriate [at this initial stage of the litigation] and should be left for consideration of a motion for class certification."); *In re Olsten Corp. Sec. Litig*., 3 F. Supp. 2d 286, 296 (E.D.N.Y. 1998).

The Tonyaz Group fulfills all of the requirements of Rule 23. The Tonyaz Group shares substantially similar questions of law and fact with the members of the Class and its claims are typical of those of the members of the Class. The Tonyaz Group and all members of the Class allege that Defendants violated the Securities Act by publicly disseminating false and misleading statements concerning China Sunergy. The Tonyaz Group, as did all of the members of the Class, purchased China Sunergy shares at prices artificially inflated by Defendants' misrepresentations and omissions and were damaged thereby. These shared claims also satisfy the requirement that the claims of the representative parties be typical of the claims of the Class.

Thus, the close alignment of interests between the Tonyaz Group and other Class Members, as well as the desire of each member of the Tonyaz Group to prosecute these actions on behalf of the Class, provides ample reason to grant the Tonyaz Group's motion to serve as Lead Plaintiff.

### 4. The Tonyaz Group Will Fairly and Adequately Represent the Interests of the Class and Is Not Subject to Unique Defenses

The presumption in favor of appointing the Tonyaz Group as Lead Plaintiff may be rebutted only upon proof "by a purported member of the plaintiffs' class" that the presumptively most adequate plaintiff:

(a) will not fairly and adequately protect the interests of the class; or

8

(b) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 77z-1(a)(3)(b)(iii)(I).

The Tonyaz Group's ability and desire to represent the Class fairly and adequately has been discussed above. The Tonyaz Group is not aware of any unique defenses Defendants could raise against its members that would render any member of the Tonyaz Group inadequate to represent the Class. Accordingly, the Court should appoint the Tonyaz Group as Lead Plaintiff for the Class.

### C. The Tonyaz Group's Selection of Counsel Should Be Approved

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to the approval of the Court. (15 U.S.C. § 77z-1(a)(3)(B)(v)) The Court should only interfere with Lead Plaintiff's selection when necessary "to protect the interests of the class." 15 U.S.C. § 77z-1(a)(3)(B)(iii)(II)(aa).

The Tonyaz Group has selected Kahn Gauthier Swick, LLC as Lead Counsel for the Class. This firm is experienced in the area of complex litigation and class actions, and has successfully prosecuted securities litigations on behalf of investors. (Miller Decl., Ex. C).

As a result of the firm's experience in litigation involving issues similar to those raised in this action, the Tonyaz Group's counsel has the skill and knowledge that will enable the firm to prosecute this action effectively and expeditiously. Thus, the Court may be assured that by approving the Tonyaz Group's selection of Lead Counsel, the members of the Class will receive the best legal representation available.

**III. CONCLUSION**

For the foregoing reasons, the Proposed Lead Plaintiff, the Tonyaz Group, has the largest financial interest in this class action compared to any other movant for Lead Plaintiff, satisfies the requirements of Rule 23 and will adequately represent the interests of the Class. Accordingly, the Tonyaz Group respectfully requests that the Court issue an Order (1) consolidating all related actions; (2) appointing the Tonyaz Group as Lead Plaintiff in this action; (3) approving Kahn Gauthier Swick, LLC as Lead Counsel for the Class, and (4) granting such other relief as the Court may deem to be just and proper.

Dated: November 26, 2007                                          Respectfully submitted,

                                                                  KAHN GAUTHIER SWICK, LLC

                                                                   /s/  Kim E. Miller
                                                                  Michael A. Swick  (MS-9970)
                                                                  Kim E. Miller (KM-6996)
                                                                  12 East 41st Street, 12th Floor
                                                                  New York, NY 10017
                                                                  Telephone:   (212) 696-3730
                                                                  Facsimile:   (504) 455-1498

                                                                  And

                                                                  KAHN GAUTHIER SWICK, LLC
                                                                  Lewis S. Kahn
                                                                  650 Poydras St., Suite 2150
                                                                  New Orleans, Louisiana 70130
                                                                  Telephone (504) 455-1400
                                                                  Facsimile: (504) 455-1498

                                                                  *Counsel for The Tonyaz Group and Proposed Lead Counsel for the Class*

**CERTIFICATE OF SERVICE**

      I hereby certify that this Motion was filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and paper copies will be sent to those indicated as non-registered participants on November 26, 2007.

      /s/ Kim E. Miller
      Kim E. Miller