USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/29/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
THOMAS BROWN, individually and on
behalf of all others similarly situated,

          Plaintiff,

     - against -

CHINA SUNENERGY CO., Ltd., TINGXIU LU,
JIANHUA ZHAO, JAMES SHAOFENG QI,
GUANGYOU YIN, FENGMING ZHANG, SHILIANG
GUO, MERRILL LYNCH, PIERCE, FENNER &
SMITH, INC.; COWEN & CO., LLC
and JEFFERIES & CO., INC.

          Defendants.
----------------------------------------X
ADEL SESHTAWAY, individually and on
behalf of all others similarly situated,

          Plaintiff,

     - against -

CHINA SUNENERGY CO., LTD., TINGXIU LU,
JIANHUA ZHAO, JAMES SHAOFENG QI,
GUANGYOU YIN, FENGMING ZHANG, SHILIANG
GUO, MERRILL LYNCH, PIERCE, FENNER &
SMITH, INC.; COWEN & COMPANY., LLC
AND JEFFERIES & COMPANY., INC.

          Defendants.
----------------------------------------X
ANTHONY GIOMBETTI, individually,
ANTHONY GIOMBETTI and DON VANDENHEUVAL,
on behalf of all others similarly
situated,

          Plaintiff,

     - against -

CHINA SUNENERGY CO., LTD.,

          Defendants.
----------------------------------------X
DEBORAH A. BATTS, United States District Judge.

07 Civ. 7895 (DAB)
ORDER

07 Civ. 8656 (DAB)
ORDER

07 Civ. 9689 (DAB)
ORDER

1

Pending before this Court are the three above-captioned securities fraud class action lawsuits against China Sunenergy Co., Ltd.("China Sunenergy") and certain officers and underwriters of China Sunenergy.  These actions allege claims under Sections 11, 12(a)(2), and 15 of the Securities Exchange Act of 1933 ("Exchange Act").

Putative class members Ko-Ming Lin and the Tonyaz Group have each moved the Court to consolidate these three class actions pursuant to Federal Rule of Civil Procedure 42(a), and to appoint the movant lead plaintiff as well as the movant's choice of lead counsel pursuant to section 21D(a)(3)(B) of the Exchange Act, as amended by the Private Securities Litigation Reform Act ("PSLRA").  For the reasons stated below, the Tonyaz Group's motion is GRANTED and Ko-Ming Lin's motion is DENIED.

## I. BACKGROUND

A Complaint was filed by Thomas Brown under Docket Number 07 Civ. 7895 on September 7, 2007, alleging that Defendant China Sunenergy issued materially false and misleading statements and omitted material facts in connection with the Registration Statement issued during its May 17, 2007 Initial Public Offering ("IPO"), thus violating Sections 11 and 15 of the Exchange Act. On September 10, 2007, notice of the class action was published in *Market Wire*, a "well-known, national business-oriented publication."  (Miller Decl., at ¶5; Exhibit B.)  That notice also advised members of the proposed Class of the November 9,

2007 deadline to move the Court to serve as Lead Plaintiff. (<u>Id.</u>, at Exhibit B.)

On October 5, 2007, a separate action was filed by Adel Seshtaway under Docket Number 07 Civ. 8656, alleging that, in connection with its IPO, Defendant China Sunenergy's Registration Statement was false and misleading in failing to disclose or indicate a number of material facts about the company, thus violating Sections 11, 12(a)(2), and 15 of the Exchange Act.  On October 31, 2007, a third action was filed by Anthony Giombetti and Don Vandenheuval under Docket Number 07 Civ. 9689, alleging that China Sunenergy's Registration Statement contained untrue statements of material fact, misleadingly omitted other facts, and in doing so violated Section 11 of the Exchange Act.  All three actions were filed on behalf of those who purchased or otherwise acquired China Sunenergy's 8.5 million American Depository Shares, traceable to the Company's May 17, 2007 IPO.

On November 9, 2007, in action 07 Civ. 7895, China Sunenergy Plaintiffs (1) Lin Ko-Ming; (2) Howard Hughes, Don Vandenheuval, Jie Wu and Andrew P. Van Gorder; and (3) the Tonyaz Group, consisting of Nijat Tonyaz, Thomas Brown, and Wang Chun Ling, (Miller Decl., at ¶4)  each filed a motion, along with supporting memoranda of law and declarations, to consolidate the three actions, appoint the movant as lead plaintiff of the class, and to approve the movant's choice of lead counsel for the class.  On November 9, 2007, Plaintiff Lin Ko-Ming filed the same motion in actions 07 Civ. 8656 and 07 Civ. 9689.  On November 26, 2008

3

movant Tonyaz Group filed a memorandum of law in further support of its motion as well as in opposition to all other competing motions.  On November 30, 3007, movants Howard Hughes, Don Vandenheuval, Jie Wu and Andrew P. Van Gorder withdrew their motion of November 9.  No other class member has filed a motion for appointment as lead plaintiff, and the Tonyaz Group's motion remains unopposed.

II. DISCUSSION

A. Motion to Consolidate

The Tonyaz Group and Lin Ko-Ming move to consolidate the Brown, Seshtaway, and Giombetti actions pursuant to Rule 42(a) of the Federal Rules of Civil Procedure.  Rule 42(a) provides that "[i]f actions before the court involve a common question of law or fact, the court may...(2) consolidate the actions; or (3) issue any other orders to avoid unnecessary costs or delay." Fed. R. Civ. P. 42.  In such instances, district courts have "broad discretion to determine whether consolidation is appropriate," and they "have taken the view that considerations of judicial economy favor consolidation." Johnson v. Celotex Corp., 899 F.2d 1281, 1285 (2d Cir. 1990).  "[S]o long as any confusion or prejudice does not outweigh efficiency concerns, consolidation will generally be appropriate." Primavera Familienstiftung v. Askin, 173 F.R.D. 115, 129 (S.D.N.Y. 1997); Pinkowitz v. Elan Corp., PLC, No. 02 Civ. 865, 2002 WL 1822118, at *2 (S.D.N.Y. July 29, 2002) (quoting Primavera).

4

The <u>Brown</u>, <u>Seshtaway</u>, and <u>Giombetti</u> actions share common questions of law and fact.  All three Complaints assert claims under Section 11 of the Exchange Act, and the <u>Brown</u> and <u>Seshtaway</u> Complaints also share claims under Section 15 of the Act.  In addition, each action is predicated upon many of the same alleged misrepresentations, particularly materially false and misleading statements and omissions contained in China Sunenergy's Registration Statement and Prospectus, issued in connection with its May 17, 2007 IPO.  (<u>See</u> <u>Brown</u> Compl. ¶¶ 1, 4; <u>Seshtaway</u> Compl. ¶¶ 3, 8; <u>Giombetti</u> Compl. ¶¶ 16-21.)  While "district courts have 'broad discretion' in determining the propriety of consolidation, this Court has recognized that consolidation is particularly appropriate in the context of securities class actions if the complaints are 'based on the same public statements and reports." <u>Glauser v. EVCI Career Colleges Holding Corp.</u>, No. 05-cv-10240, 2006 WL 1302265, at *1 (S.D.N.Y. May 9, 2006).

Furthermore, it does not appear that any of the parties to these three actions would be prejudiced by consolidation.  In fact, no one has opposed the Tonyaz Group's consolidation motion.  Accordingly, the Court finds that consolidation of the <u>Brown</u>, <u>Seshtaway</u>, and <u>Giombetti</u> actions is appropriate to promote judicial efficiency and to avoid unnecessary cost and delay.  The consolidated class shall include all those who purchased or otherwise acquired China Sunenergy's American Depository Shares traceable to the Company's May 17, 2007 IPO.

B. Motion to Appoint Lead Plaintiff

The PSLRA requires plaintiffs filing a private securities class action complaint to publish notice of the pendency of the suit in a widely circulated business publication or wire service no later than twenty days after the complaint is filed.  15 U.S.C. § 78u-4(a)(3)(A)(i).  No later than sixty days after the publication of notice, any member of the purported class may file a motion to serve as lead plaintiff.  15 U.S.C. § 78u-4(a)(3)(A)(i)(II).  If a motion for consolidation has been made, the Court shall not appoint a lead plaintiff "until after the decision on the motion to consolidate is rendered."  15 U.S.C. § 78u-4(a)(3)(B)(ii).

In addition, the PSLRA provides that:

> [T]he court . . . shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members (hereafter in this paragraph referred to as the "most adequate plaintiff") . . . .

15 U.S.C. § 78u-4(a)(3)(B)(i).

A rebuttable presumption directs the court's inquiry when appointing lead plaintiff under the PSLRA.  The PSLRA provides that the most adequate plaintiff is the person or group of persons which:

6

(aa)  has either filed the complaint or made a motion in response to a notice . . .;

(bb)  in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

This presumption, however, may be rebutted upon proof offered by another member of the purported class "that the presumptively most adequate plaintiff -- (aa) will not fairly and adequately protect the interests of the class; or (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

In the now consolidated matter, Plaintiffs the Tonyaz Group and Ko-Ming Lin each have outstanding motions for appointment as lead plaintiff that were filed within 60 days of the September 10, 2007 notice published in *Market Wire*.  In addition, Plaintiffs Adel Seshtaway, Anthony Giombetti, and Don Vandenheuval filed complaints and are thus eligible for appointment as lead plaintiff under 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa) in the event that they also satisfy sections (bb) and (cc).[1]

---

[1] Because Plaintiff Thomas Brown is himself a member of the moving Tonyaz Group, the Court does not consider him individually as a potential lead plaintiff.

7

1. Largest Financial Interest Requirement

The Tonyaz Group has the largest financial interest in the relief sought by the class, suffering alleged losses of $416,021.00 from the purchase of China Sunenergy common stock pursuant or traceable to the company's Registration Statement and Prospectus. (Miller Decl., at Exhibit A.) In contrast, movant Ko-Ming Lin alleges losses of $53,725.00. (Federman Decl., at Exhibit B.) Plaintiff Adel Seshtaway was a purchaser of 2,000 shares at approximately $11.00 a share, while Plaintiffs Anthony Giombetti and Don Vandenheuval purchased 1,000 and 2,000 shares at the prices of $11.80 and $13.75 respectively. (See Certification, attached to Seshtaway Compl; Giombetti Certification of Named Plaintiff Pursuant to Federal Securities Laws, attached to Giombetti Compl.; Vanderheuval Certification of Named Plaintiff Pursuant to Federal Securities Laws, attached to Giombetti Compl.) Hence, even had the value of their China Sunenergy shares been completely depleted, the most that these plaintiffs would have lost is $22,000.00, $11,800.00, and $27,500.00 respectively -- significantly less than the Tonyaz Group's alleged losses of $416,021.00.

2. F.R.C.P. 23 Requirement

The Rule 23 inquiry under 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc) is less stringent than the inquiry the rule otherwise requires. See Weinberg v. Atlas Worldwide Holdings, Inc., 216 F.R.D. 248, 252 (S.D.N.Y. 2003) ("[a] wide-ranging analysis under Rule 23 is not appropriate at this initial

8

stage of the litigation and should be left for consideration of a motion for class certification") (internal quotations and citations omitted); <u>Pirelli Armstrong Tire Corp. v. Labranche & Co., Inc.</u>, No. 03 Civ. 8264, 2004 WL 1179311, at *14 (S.D.N.Y. May 27, 2004) (same) (citing <u>Weinberg</u>).  At this stage in the litigation, one need only make a "preliminary showing" that the Rule's typicality and adequacy requirements have been satisfied. <u>Weinberg</u>, 216 F.R.D. at 252; <u>see also</u> <u>Weltz v. Lee</u>, No. 00 Civ. 3863, 2001 WL 228412, at *5 (S.D.N.Y. March 7, 2001).  Any preliminary class certification findings of adequacy and typicality made at this time do not preclude a party from contesting the ultimate class certification.  <u>See</u> <u>Weltz</u>, 2001 WL 228412, at *5; <u>see also</u> <u>Koppel v. 4987 Corp.</u>, Nos. 96 Civ. 7570, 97 Civ. 1754, 1999 WL 608783, at *8 (S.D.N.Y. Aug. 9, 1999) (appointment as lead plaintiff "does not prejudice defendants' capacity to contest plaintiff's adequacy on a motion for class certification").

i. Typicality

The typicality requirement is satisfied when the claims of the proposed lead plaintiff "arise from the same conduct from which the other class members' claims and injuries arise."  <u>In re Oxford Health Plans</u>, 182 F.R.D. 42, 50 (S.D.N.Y. 1998) (citing <u>In re Drexel Burnham Lambert Group, Inc.</u>, 960 F.2d 285, 291 (2d Cir. 1992)).  This requirement "does not require that the factual background of [the lead plaintiff's] claim be identical to that of all class members; rather, it requires that the disputed issue

of law or fact occupy essentially the same degree of centrality to the [lead plaintiff's] claim as to that of other members of the proposed class." <u>Caridad v. Metro-North Commuter Railroad</u>, 191 F.3d 283, 293 (2d Cir. 1999) (internal quotations and citations omitted).

The Tonyaz Group's claims are typical of those of the proposed class.  Like all other proposed class members, the Tonyaz Group (1) acquired the Defendant's stock "pursuant and/or traceable to the Company's false and misleading Registration Statement and Prospectus issued in connection with the May 17, 2007 initial public offering"; (2) purchased those shares at prices that included "artificial inflation"; (3) resulting in "economic losses, <i>i.e.</i>, damages under the federal securities laws."  (<u>Brown</u> Compl., at ¶¶ 1, 53; <u>see</u> Miller Decl., at Exhibit B (Tonyaz, Brown, and Chun Ling Certifications in Support of Application for Lead Plaintiff.))  The Tonyaz Group's claims therefore arise from the same factual predicate as those in the <u>Brown</u>, <u>Seshtaway</u>, and <u>Giombetti</u> Class Action Complaints. Accordingly, the Court finds that the Tonyaz Group satisfies Rule 23's typicality requirement.

ii. Adequacy

The adequacy requirement is satisfied if (1) the interests of the class members are not antagonistic to one another; and (2) the class counsel is qualified, experienced, and generally able to conduct the litigation.  <u>In re Flag Telecom Holdings, Ltd. Securities Litigation</u>, 245 F.R.D. 147, 160 (S.D.N.Y. 2007)

10

(citing <u>Baffa v. Donaldson, Lufkin & Jenrette Securities Corp</u>. 222 F.3d 52, 60 (2d Cir. 2000)).

The Tonyaz Group also satisfies the adequacy requirement. Exhibit C of the Miller Declaration, filed in support of the Tonyaz Group's motion, suggests to this Court that the firm of Kahn, Gauthier, Swick LLC, counsel for the Tonyaz Group, is generally able to conduct the litigation.  This conclusion is supported by the firms' résumés.  (<u>See</u> Miller Decl. Exhibit C (indicating that the firm has significant experience in prosecuting securities class actions)).  Further, it does not appear that any antagonism exists between class members.  This Court finds that the Tonyaz Group is the most adequate Lead Plaintiff.

### iii. Presumption of Adequacy Not Rebutted

The most adequate plaintiff presumption "may be rebutted only upon proof by a member of the purported plaintiff class that the presumptively most adequate plaintiff-- (aa) will not fairly and adequately protect the interests of the class; or (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).  Here, no member of the purported class has sought to rebut the presumption or otherwise oppose the Tonyaz Group's lead plaintiff motion.  Furthermore, for the reasons set forth *supra*, at (II)(B)(2)(ii), the Court finds that the Tonyaz Group will fairly and adequately represent the class.  In addition, the Court is unaware of any unique defense to which the

Tonyaz Group is subject.  Accordingly, the Tonyaz Group is appointed Lead Plaintiff for the now consolidated China Sunenergy class action currently pending before this Court.

C. Appointment of Lead Counsel

The PSLRA provides that the Lead Plaintiff "shall, subject to approval of the court, select and retain counsel to represent the class."  15 U.S.C. § 78u-4(a)(3)(B)(v).

The Tonyaz Group has selected Kahn, Gauthier, Swick LLC to serve as Lead Counsel.  As discussed above, the Court finds that Tonyaz Group's choice of counsel is qualified to prosecute this securities class action.  Accordingly, this Court approves the selection of Kahn, Gauthier, Swick LLC as Lead Counsel.


III. CONCLUSION

Having considered the motions for consolidation of the Brown, Seshtaway, and Giombetti Actions pursuant to Federal Rule of Civil Procedure 42(a) and for Appointment of Lead Plaintiff and Lead Counsel pursuant to the PSLRA, IT IS HEREBY ORDERED THAT:

1.    The Tonyaz Group's motion to consolidate the Brown, Seshtaway, and Giombetti actions is GRANTED.

2.    The following three actions are hereby consolidated for all purposes, including pretrial proceedings, trial, and appeal, pursuant to F.R.C.P. 42(a):

<u>Brown v. China Sunenergy Co., Ltd., et al.</u>, 07 Civ. 7895 (DAB)

<u>Seshtaway v. China Sunenergy Co., Ltd., et al.</u>, 07 Civ. 8656 (DAB)

<u>Giombetti v. China Sunenergy Co., Ltd.</u>, 07 Civ. 9689 (DAB)

3.    The caption of these consolidated actions shall be "In re China Sunenergy Securities Litigation" and the files of these consolidated actions shall be maintained in one file under Master File No. 07 Civ. 7895 (DAB).  Any other actions now pending or later filed in this district which arise out of or are related to the same facts as alleged in the above-identified case shall be consolidated for all purposes, if and when they are brought to the Court's attention.

4.    Every pleading filed in the consolidated actions or in any separate action included herein, shall bear the following caption:

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------X
In re CHINA SUNENERGY         :          07 Civ. 7895 (DAB)
SECURITIES LITIGATION         :
-----------------------------X
This Document Relates To:     :
                              :
-----------------------------X
```

5.    When a pleading is intended to be applicable to all actions governed by this Order, the words "All Actions" shall appear immediately after the words "This Document Relates To:" in the caption set out above.  When a pleading is intended to be

13

applicable to only some, but not all of the consolidated actions, this Court's docket number for each individual action to which the pleading is intended to be applicable and the last name of the first-named plaintiff in said action shall appear immediately after the words "This Document Relates To:" in the caption described above.

6.    When a pleading is filed and the caption shows that it is applicable to "All Actions," the clerk shall file such pleading in the Master File and note such filing on the Master Docket.  No further copies need to be filed, and no other docket entries need be made.

7.    When a pleading is filed and the caption shows that it is to be applicable to fewer than all of the consolidated actions, the Clerk will file such pleading in the Master File only, but shall docket such filing on the Master Docket and the docket of each applicable action.

8.    The Court directs counsel to bring to the attention of the Clerk of Court the filing or transfer of any case that might be consolidated as part of In re China Sunenergy Securities Litigation.

9.    The Tonyaz Group's Motion for Appointment as Lead Plaintiff is GRANTED.

10.    The law firm of Kahn, Gauthier, Swick LLC is appointed Lead Counsel.

11.    The Clerk of Court is hereby directed to terminate all

14

other motions for consolidation, to appoint lead plaintiff or to appoint lead- counsel in actions 07 Civ. 7895, 07 Civ. 8656, and 07 Civ. 9689.

12.    Plaintiffs shall file a Consolidated Complaint within 60 days of the date of this Order.

13.    The Defendants shall move or answer within 30 days after filing of the Consolidated Complaint.

SO ORDERED.


Dated:  New York, New York
        September 29, 2008

_Deborah A. Batts_

DEBORAH A. BATTS
United States District Judge

15